Nov. Term, 1851.

WILLIAMS
v.
BEISEL.

*L. Barbour*, for the plaintiff.

(1) 1 Carter's Ind. R. 557.

---

## WILLIAMS *v.* BEISEL.

*A. B.* recovered a judgment in the *Lagrange* Circuit Court against *C. D.*, and in the vacation of the Court immediately following, one *E. F.* acknowledged himself replevin-bail for the stay of execution thereon, as follows: "*A. B.* v. *C. D.*—Comes now *E. F.* and acknowledges himself replevin-bail and security for the payment of the above judgment, at the expiration of the time allowed by law for the stay of execution. (Signed) *E. F.*" This entry was entitled in the same manner as the judgment, but several entries intervened on the order-book between it and the entry of judgment. *E. F.*, over five years after he had executed the recognizance, moved to set it aside as void. *Held*, that the recognizance was, substantially, in the form required by the statute. *Held*, also, that after the lapse of time mentioned, the circumstance that the recognizance was not written immediately under the entry of judgment, furnished no sufficient ground for setting it aside.

Saturday, November 29.

APPEAL from the *Lagrange* Circuit Court.

SMITH, J.—This is an appeal taken from the decision of the Court below, setting aside a recognizance of replevin-bail.

It appears, by the bill of exceptions, that, at the *April* term of the *Lagrange* Circuit Court, in 1844, *Williams* obtained a judgment against one *Edward Wright* for 371 dollars and 67 cents, and costs of suit. During the vacation immediately following said term, *Beisel* became replevin-bail for the stay of execution on said judgment, by acknowledging a recognizance in the following form:

" *Samuel P. Williams* v. *Edward Wright.*—Comes now *Peter Beisel* and acknowledges himself replevin-bail and security for the payment of the above judgment, at the expiration of the time allowed by law for the stay of execution. *Peter Beisel.*"

This entry is entitled in the same manner as the judgment, but it was not made immediately under the judgment, on the order-book, there being several intervening entries.

The statute requires every recognizance of bail for the stay of execution, taken by a clerk of a Circuit Court, to be written immediately following the entry of the judgment, and to be substantially in the following form:

" I acknowledge myself replevin-bail for the payment of the foregoing judgment, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution on such judgment."

We think the entry in this case is substantially in the form required by the statute. It is true, the words " together with the interest and costs accrued and to accrue thereon," are omitted, but as such interest and costs are included in the judgment, the effect of the entry is not varied by the omission.

Neither do we think the fact that the recognizance was not written immediately under the judgment, afforded a sufficient reason for setting it aside at the time when this motion was made, which was more than five years after the entry. We regard the provision of the statute as to the place where the recognizance shall be written, as only directory to the clerk. It could scarcely have been the intention of the legislature to enact, that, if this direction

Nov. Term,
1851.

was not literally followed, the entry should be absolutely void.

Perhaps if the motion had been made at a seasonable time, to have the entry set aside or altered, as not being strictly conformable to the statute in this particular, it might have been entertained, but we are of opinion that, in this case, the motion having been made by the bail long after the time for which the judgment was stayed had expired, it should have been overruled.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge, Jr.*, for the appellant.

*J. B. Howe*, for the appellee.