<span>Montgomery v. Pierson.</span>

---

## Montgomery and Another *v.* Pierson.

None of the provisions of the act approved *February* 24, 1840, entitled "an act to amend an act subjecting real and personal estate to execution, approved *February* 4, 1838," apply to judgments rendered between the 24th of *February* and 4th of *March*, 1840.

Judgments rendered between the 24th of *February* and 4th of *March*, 1840, were repleviable under the statute of 1838 only.

*A.* having recovered a judgment against *B.*, in the Circuit Court, on the 25th of *February*, 1840, *C.*, on the 12th of *March*, 1840, appeared before the clerk, and executed a writing under seal, on the order-book, by which he acknowledged himself security for the payment of the judgment debt, interest and costs accrued, accruing and to accrue within twelve months from and after the 1st of *March*, 1840.

*Held*, that the writing was not a recognizance of replevin bail, under the R. S. 1838.

*Held*, also, that the circumstance that *B.* did not object to the terms of the entry and that he submitted to a stay of execution until the expiration of a year from *March* 1, 1840, was unimportant.

An entry, to operate as a valid recognizance of replevin bail, must show upon its face that it is such.

APPEAL from the *Pike* Circuit Court. <span>*Wednesday, November* 28.</span>

Davison, J.—*Montgomery* and *Woodward*, plaintiffs, being in possession of a certain lot of ground in the town of *Petersburgh*, instituted this action to quiet their title. The defendant answered the complaint. The proper issues

Vol. VII.—7

being made, the cause was submitted to the Court, who found for the defendant. A new trial was refused, and judgment was rendered on the finding. The case is this: *Abner T. Ellis*, on the 25th of *February*, 1840, recovered a judgment in the *Pike* Circuit Court, then in session, against *Hiram* and *Samuel Kinman*, for 1,717 dollars. Upon the order-book of said Court, immediately below the entry of said judgment, there is what purports to be a recognizance of replevin bail. It reads thus:

"*Abner T. Ellis* v. *Hiram* and *Samuel Kinman*. Judgment, $1,717. Costs, $8 85. Be it remembered, that on this 12th day of *March*, 1840, *James Kinman*, jr., appeared before me, *John McIntire*, clerk of the *Pike* Circuit Court, and acknowledged himself security for the payment of the above debt, interest, and costs accrued, accruing, and to accrue within twelve months from and after the 1st of *March*, 1840. *James Kinman*, jr. [SEAL.]"

When this instrument was executed, *James Kinman*, jr., was seized of the lot in controversy. Subsequently, however, he conveyed it by deed in fee to *James Pierson*, the defendant. This deed bears date *November* 21, 1842, and under it the defendant claimed title to the premises. After this, a writ of *fieri facias* was issued on said judgment against *Hiram* and *Samuel Kinman*, the judgment defendants, and *James Kinman*, jr., as their replevin bail, which was levied on the same lot, as his property, and sold at sheriff's sale to the plaintiffs, who, in pursuance of the sale to them, received a deed, which is dated *February* 28, 1846. Upon this sheriff's deed, the plaintiffs rest their title to the property in contest. Thus, it will be seen, that both parties claim the premises under *James Kinman*, jr. The defendant holds his title direct; but he can not succeed in his defence, if the entry in the order-book is a valid recognizance of replevin bail. Whether it is so or not is the only question in the case.

In the revision of 1838, there is a statute which enacts, that when the sum for which any judgment may have been obtained exceeds 100 dollars, the person, &c., against whom such judgment may have been rendered, may have

a stay of execution of one hundred and eighty days from the date of the judgment, by procuring one or more sufficient securities to enter on the record of the Court a recognizance acknowledging himself or themselves bail for the payment of such judgment, which recognizance may be entered in open Court, or before the clerk of such Court; and the same shall be considered and have the effect and force of a judgment confessed, and execution may issue thereon accordingly. R. S. 1838, p. 280, s. 13.

On the 24th of *February*, 1840, one day prior to the rendition of said judgment, an act to amend the above statute was approved. This amending act was in force from and after its passage, and, among other provisions, contains the following:

SEC. 1. That on all judgments to be rendered, &c., after the 1st of *March*, 1840, there shall be a stay of execution, twelve months after the date of said judgment, by the judgment debtor or debtors procuring one or more securities to enter on the record of the Court a recognizance of replevin bail, &c., which shall be considered as, and have the effect and force of, a judgment confessed in a Court of record, &c.

\* \* \* \* \* \* \* \* \* \*

SEC. 3. That on all judgments heretofore rendered and which have been heretofore replevied, &c., the judgment debtor or debtors may replevy the same, in addition to the former stay, for six months after the 1st of *March*, 1840, by giving additional replevin bail, &c. And on all judgments which have been rendered since the 1st day of *October*, 1839, and which have not been replevied, &c., the judgment debtor or debtors may, by complying with the first section of this act, have a stay of execution thereon until the 1st day of *October*, 1840.

\* \* \* \* \* \* \* \* \* \*

SEC. 6. All acts and parts of acts coming within the meaning and purview of this act, be and the same are hereby repealed. Acts of 1840, pp. 49, 50.

These are the only sections of the amendatory act that bear upon the point under consideration. This statute,

we have seen, was approved *February* 24, 1840. The third section relates to judgments recovered before its passage, and the first to such as should be obtained subsequently. to the first of *March*, 1840. Neither of them covers the 25th of *February*, the date of the judgment before us. Hence, that judgment could not be replevied in accordance with any provision in the amending act.

Was it subject to a stay of execution under the statute of 1838? A proper solution of this inquiry depends on whether judgments rendered between the 24th of *February* and 1st of *March*, come within "the meaning and purview" of the act of 1840. The appellee contends that they do. We think differently. None of the provisions of the last enactment apply to judgments obtained between the above dates. And it seems to us that what a legislative act does not in letter or spirit provide for, can not be within its meaning and purview. It follows, as to such judgments, that the statute of 1838 continued in force, and under it they were properly repleviable. Moreover, the legislature, though in the amending act they have omitted to provide for the stay of judgments recovered between said days, evidently did not intend to lessen the right of replevy in any case.

If the record entry in question had been simply "for the payment of the debt, interest, and costs accrued, accruing, and to accrue," the law would have determined the extent of the replevy. Then it would have accorded with the prior statute. Nor would its effect and force have varied by the addition of these words, "within one hundred and eighty days from the date of said judgment;" because the phrase, thus stated, would not have been inconsistent with the manifest intent of the law. It would have been merely surplusage.

This entry, however, accords with neither statute. It extends the payment of the judgment more than twelve months from its date, a period of replevy unauthorized by any law on the subject. Indeed the terms of the entry seem to preclude the inference that it was intended to have effect and force in virtue of the act of 1838. In

*McIntosh* v. *Shotwell*, 6 Blackf. 281, the Court say, that "it
is only by statutory law that judgments in our Courts can
be replevied.   The length of time for which they may be
replevied, and the manner of doing it as prescribed by the
statute, must be observed to make it a valid act."

But the appellants insist, "that if the judgment was
subject to replevy by recognizance before the clerk, the
errors he may commit can not be examined collaterally."
The force of this position is not perceivable.   For aught
that appears, there is no error in the proceedings of the
clerk.   He may have made the entry in the exact form
desired by the party who signed it.   That party had a
perfect right to dictate the terms upon which he would
become bound; and the clerk, having followed such dicta-
tion, has violated no rule of law.   The entry, upon its face,
must show whether it is or not a valid recognizance of
replevin bail.   Nor is the solution of this inquiry difficult.
No execution could have issued against *James Kinman*, jr.,
at the end of one hundred and eighty days from the date
of the judgment.   Hence, there could be no replevy within
the intent of the statute.   And yet the entry may consti-
tute a valid obligation, upon which the judgment plaintiff
can sustain an action.   *Sanford* v. *Freeman*, 5 Ind. R. 129.

It is said that "the time of replevy is either surplusage
or it is valid as an agreement to stay execution on the
judgment."   Upon the authority just cited, the entry may
be held such an agreement, and still not the foundation of
an execution.   The latter it can not be, because it is not,
either in form or substance, within the requirements of the
statute.   The words, "within twelve months from the 1st
of *March*, 1840," constitute an essential element in the
obligation as it appears in the record, and we know of no
principle that would authorize us to disregard them in
giving a construction to *Kinman's* engagement.

Again, it is said that "the plaintiff in the judgment did
not object to the terms of the replevy, but submitted to
the extended time."   In point of law it was not requisite
that he should be consulted on the subject.   The statute
conferred on the judgment debtors the right of replevy,

one which the plaintiff could not, in any respect, control. It was therefore unimportant whether he did or did not submit to the extended time, or object to the terms of the entry. If it was not "in length of time and manner of execution as prescribed by the statute," nothing that he could do would give it the force of "a judgment confessed."

We perceive no ground for the reversal of the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the appellants.

*A. L. Robinson*, for the appellee.