## LEPPER v. NUTTMAN.

REPLEVIN BAIL.—*Fraud in Procurement of.*—Where one is induced to become replevin bail by the false and fraudulent representations of the judgment defendant, he is held bound thereby. *Contra,* if the representations were made by the judgment plaintiff, or by some one for him, with his consent or procurement.

SAME.—*Answer.*—Suit to revive and enforce a judgment against the widow and heirs of the judgment defendant, and his replevin bail. The replevin bail answered, that the deceased, in his lifetime, procured his consent to become replevin bail on another judgment; that he at the request of said judgment defendant went with him to the clerk's office, to execute the same; that he is a German, and cannot read English script; that the record was not read to him, but the deceased fraudulently represented that it was the judgment he had so consented to stay; and, relying on said representation, he executed the undertaking set forth; that at the time, he had no knowledge of the judgment sued on, and that if he had known it was a different judgment, he would not have become replevin bail thereon.

*Held,* that the answer was bad, because it did not connect the judgment plaintiff with the deceit.

APPEAL from the Allen Common Pleas.

DOWNEY, C. J.—John M. Nuttman recovered a judgment of foreclosure against Conrad Schmidt, on which the appel-

Lepper *v.* Nuttman.

lant became replevin bail. Schmidt departed this life. John M. Nuttman assigned the judgment to the appellee, who instituted this action against the widow and heirs of Schmidt and the appellant, to revive and enforce the judgment.

The appellant, for second paragraph of his answer and for cross complaint, alleged that the entry by him of replevin bail was procured by the fraud of said Schimdt. There was a demurrer by the plaintiff to this paragraph of the answer of Lepper, which was sustained, and the correctness of this ruling is the only question in the case.

The pleading in question alleges that the entry of replevin bail was procured by the fraud, deceit, and false representations of said Conrad Schmidt, in his lifetime, in this, to wit: after the rendition of said judgment in the complaint mentioned the said Conrad Schmidt, then in life, who was an old and intimate personal friend of this defendant, and one in whose integrity this defendant, in common with others, reposed implicit trust and confidence, informed this defendant, that there was a judgment against him, Schmidt, in the clerk's office of the said county of Allen, in favor of certain persons doing business as partners under the firm name of Meyer, Brothers & Co., with whom this defendant was also acquainted, for the sum of one hundred and fifty dollars, and at the same time requested this defendant to go with him to the said clerk's office and sign an entry of replevin bail for the stay of execution on said judgment in favor of Meyer, Brothers & Co.; and this defendant avers that thereupon, to wit, on the 11th day of January, 1868, he accompanied the said Schmidt to the clerk's office, in said county, for the purpose of complying with said request; that this defendant is a German by birth and education, and cannot and could not then read English script, at all; that when said Schmidt and this defendant arrived in said clerk's office, the record containing the entry of the judgment mentioned in this complaint was produced and opened at the point where said entry appears; that the said entry of judgment or any part of the same was

not read at or before the time of the signing of said entry of replevin bail by this defendant, and that this defendant was entirely ignorant of its real contents, character and force, but that said Schmidt then and there stated and represented to this defendant that it was the same judgment in favor of Meyer, Brothers & Co., above mentioned; that the defendant implicitly believed and relied on said statement and representation of said Schmidt, and upon the faith of said statement and representation above, signed the said entry of replevin bail, understanding and believing that the judgment to which said entry of replevin bail was annexed was a judgment in favor of said Meyer, Brothers & Co., against said Schmidt, for one hundred and fifty dollars; and this defendant avers that he did not know that there was in existence any judgment in favor of John M. Nuttman against said Schmidt or any such judgment as that mentioned in the complaint, until long after said entry of replevin bail was signed, and within a short time before the commencement of this suit; and the defendant further avers that he is not, and never has been, worth over three thousand dollars, and that if he had known the real amount of the judgment to which said entry of replevin bail was attached, he would not have signed it upon any consideration; and the defendant expressly avers that all the statements and representations made by said Schmidt to this defendant in relation to said judgment, which are hereinbefore set out, were false and fraudulent and known by said Schmidt to be so, when he made them, and that he made them for the false and fraudulent purpose of deceiving and misleading this defendant, and that this defendant was deceived and misled by them, as aforesaid; wherefore the said defendant says that said entry of replevin bail in the complaint mentioned was procured by fraud, and is therefore without authority of law and void; and he asks that the plaintiff and his co-defendants may be ruled to answer hereto, and that upon the hearing, the said entry of replevin bail may be vacated and set aside, and for other proper relief.

No brief for either party is filed, and we do not know the specific objection made in the common pleas to the answer in question. We have concluded, however, that it is defective, because it does not in any way connect the judgment plaintiff or his assignee with the alleged false representations. Schmidt was the judgment defendant, and it was through his representations, as the answer alleges, that the appellant became replevin bail. Unless the representations were made by Nuttman, the judgment plaintiff, or by some one for him and with his consent or procurement, he cannot be affected by them. *Harshman* v. *Paxson*, 16 Ind. 512; Burge on Suretyship, 218.

The judgment is affirmed, with costs.

WORDEN, J., having been of counsel, was absent.

*R. S. Taylor*, for appellant.

*J. L. Worden, J. Morris, W. H. Withers*, for appellee.