## HENRY ELIAS AND JOHN F. BETZ, PLAINTIFFS AND RESPONDENTS, *against* LOUIS SAHM, DEFENDANT AND APPELLANT.

Where a defendant is sued for brokerage, and pays the amount of the commissions into court, and interpleads two rival claimants for the fund, the question to be determined between such claimants is which of the two is entitled to the fund. Whether the agreement under which the plaintiff became entitled to the commissions be open to the objection of illegality or immorality, is one which the party paying the fund into court alone can raise, because, if such a transaction injures any one, it is the person paying the money; and where such person does not complain, but waives such defense by admitting his liability, and paying the amount of the claim into court to be contested for by the parties to the record, and the question of illegality as between the plaintiff and his employer may be considered out of the case.

McADAM, J.—The plaintiffs and the defendant herein claimed $378.75 for commissions from the George F. Blake Manufacturing Company, a corporation doing business under that name.

The plaintiffs thereupon sued the Blake Manufacturing Company, and the company, upon paying the amount claimed into court, was discharged as a party from the record on an application for interpleader, under the Code, upon the ground that while the company owed the commissions, it was unable to determine whether the plaintiffs or Louis Sahm were entitled to them, and Sahm was substituted as defend-

ant in the company's place. The action thenceforth proceeded between Elias & Betz as plaintiffs on the one hand, and Sahm as defendant upon the other, to determine, that which became the real issue in the matter, *i. e.*, which of the rival claimants, plaintiffs or defendant, were really entitled to the commissions. That the company owed the commissions to one or the other of these claimants was settled when the company admitted the fact, paid the money into court and asked to be discharged from the record.

The main question litigated upon the trial,—*i. e.*, whether the plaintiffs or Sahm were entitled, to the commissions,—turned upon disputed questions of fact, which were settled by the verdict of the jury in the plaintiffs' favor. We do not propose to rehearse the details of this mixed transaction, as they appear in the evidence, it is sufficient to refer to the same as printed in the case, and to say that the transaction, as therein described by plaintiffs' witnesses, entitled them, in law, to the commissions, and that this evidence must, in view of the finding of the jury, be taken as true, and as determining the rights of the rival claimants to the fund in court.

Whether the agreement under which the plaintiffs became entitled to the commissions be open to the objection of illegality or immorality, raised upon the argument, is one which the Blake Manufacturing Company alone could raise, because, if the transaction injured any one, it was that corporation, and it does not complain of the injury, on the contrary, has expressly waived it by admitting its liability, and by paying the amount claimed into court to be contested for by the present parties to the record ; so that question may be considered out of the case. (For illustrations of the rule, see *Bigelow on Torts*, 161, 346 ; Marshall *v.* Joy, 17 *Vt.* 546 ; Gordon *v.* Jeffery, 2 *Leigh*, 410 ; Hutchins *v.* Hutchins, 7 *Hill*, 104 ; Leffer *v.* Nuttman, 35 *Ind.*

384; Harshman v. Payson, 16 *Id.* 512; *Burge Surety-ship*, 218; Comstock v. Ames, 1 *Abb. Ct. App.* 411; S. C., 3 *Keyes*, 357.) Besides, a transaction impeachable for fraud may become unimpeachable by a subsequent ratification, confirmation or release by the person defrauded (Pearsall v. Chapin, 44 *Penn. St.* 9; Parsons v. Hughes, 9 *Paige*, 591; Adams v. Sage, 28 *N. Y.* 103).

We have found nothing in the exceptions which requires a new trial. The facts found establish the plaintiffs' right of recovery, and the judgment entered upon the verdict must be affirmed, with costs.

Affirmed by the New York common pleas, general term.