THE VINCENNES NATIONAL BANK *v.* COCKRUM ET AL

REPLEVIN BAIL.—*Stay of Execution.—Effect of.—Judgment.*—The effect of a recognizance of replevin bail for the stay of execution upon a judgment is that of a judgment confessed by the recognizor for the amount of the judgment, with interest thereon and costs accrued and to accrue.

SAME.—*Common Law.*—Such a recognizance is of statutory origin, being unknown at common law.

SAME.—*Informality Cured.*—Since the enactment of section 790 of the code of this State, such a recognizance is not rendered void, nor is the replevin bail discharged, for want of form or substance, or recital, or condition in the recognizance.

SAME.—*Recognizance for Part Binds for the Whole.*—One who enters his recognizance as replevin bail for the stay of execution on a judgment can not limit the extent of his liability, but at once becomes liable for the whole of the judgment, with interest thereon and costs, even though, by the terms of his recognizance, he undertakes thereby to limit his liability to a specified part of the judgment.

QUERY.—Where several persons thus become bail, each limiting his liability to a distinct proportion of the judgment, what are their rights, *inter se*, on payment of the whole judgment by either of them?

SUPREME COURT.—*Judgment of.*—The decisions of the Supreme Court are made by the whole court, unless the dissent or absence of some one of the judges thereof is noted in the decision.

From the Gibson Circuit Court.

*F. W. Viehe* and *R. G. Evans,* for appellant.

*W. M. Land, C. Denby, D. B. Kumler, H. A. Yeager, A. Iglehart* and *J. E. Iglehart,* for appellees.

BIDDLE, J.—The Vincennes National Bank, on the 2d day of February, 1875, recovered judgment against Jacob W. Hargrove, Caleb Trippet, Richard M. J. Miller and Samuel Sterne, in the Gibson Circuit Court, for the sum of four thousand two hundred and twenty-seven dollars and fifty cents, and costs.

On the 10th day of March, 1875, an execution, in the usual form, was issued upon the judgment, in the name of the State, commanding the sheriff to levy and collect the same. The writ was delivered to the sheriff on the same day it was issued.

While in the hands of the sheriff, on the 31st day of July, 1875, a portion of the appellees entered their recognizance as replevin bail upon the judgment, in the following words:

" We acknowledge ourselves replevin bail for the payment of Jacob W. Hargrove's one-half of the judgment upon which the within execution has issued, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of such judgment.

" JULY 31st, 1875.

" WILLIAM L. HARGROVE,<br>
" WILLIAM M. COCKRUM,<br>
" J. H. McCONNELL,<br>
" EDWARD RICKARD,<br>
" J. C. (his· X mark) BLYTHE.

" Taken and approved by me July 31st, 1875.

" F. W. HAUSS, Sheriff Gibson County."

On the same day, the other appellants entered their recognizance as replevin bail upon the judgment, in the following words:

" We acknowledge ourselves replevin bail for Caleb Trippet for the payment of the undivided one-half of the judgment upon which the within execution has issued, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution on such judgment.

" JULY 31ST, 1875.

" JEFFERSON TURPIN,

" JOHN SLOAN.

" Taken and approved by me July 31st, 1875.

" F. W. HAUSS, Sheriff Gibson County."

After taking and approving the replevin bail as above, the sheriff returned the writ accordingly.

On the 6th day of April, 1877, a second writ of execution was issued upon the judgment, against the judgment-debtors and all of the recognizors having so entered themselves as replevin bail.

On the 22d day of September, 1877, the appellees, the recognizors, moved the Gibson Circuit Court to quash the second writ of execution, " On the ground of irregularity in form, and defect in substance, of said execution, and because there is no sufficient and valid recognizance of replevin bail, in the record of said judgment, to support a writ of execution against the property of the said " recognizors, so entered as replevin bail upon the judgment.

The court sustained the motion, and, as to the appellees, quashed the writ of execution. The appellant excepted and appealed. The assignment of error here presents the single question : Are the recognizances of replevin bail, as above entered, valid under the statute ?

The appellant insists that the recognizances are valid; that, though informal, all informalities are cured by section 790 of the code; and, if not valid as to the whole amount of the judgment replevied, are valid as to one-half; that judgments may be apportioned as to amounts between defendants.

The appellees insist that the recognizances, not having been taken according to the statute, are invalid, and can not be cured by section 790, and are therefore wholly void.

It is certain that we must look to statutory power in deciding the case ; for a recognizance in replevin bail on a judgment, and a stay of execution, were unknown at common law. Sec. 420, 2 R. S. 1876, p. 201, provides that a judgment debtor, by procuring one or more sufficient freehold sureties to enter into a recognizance acknowledging themselves bail for the defendant for the payment of the judgment, together with the interest and costs accrued and to accrue, may have a stay of execution, fixing the time of the stay according to the amount of the judgment. The next section, 421, declares that the undertaking in the recognizance shall be for the payment of the judgment, interest and costs that may accrue at or before the expiration of the time of the stay of execution. The statute does not provide for staying an execution by halves, or for any less amount than that of the judgment and costs. It is clear to our minds, therefore, that the recognizances under consideration must be held valid for the whole amount of the judgment stayed, interest and costs, or held wholly void.

Are the recognizances valid for the amount of the judgment stayed, interest and costs ? This is the remaining question to be decided.

By section 790, 2 R. S. 1876, p. 311, it is enacted, that "No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged ; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance."

The case of *Hutchins* v. *Hanna*, 8 Ind. 533, illustrates, if
it does not indeed settle, the principle which should gov-
ern us in the decision of this case.   That case was as fol-
lows :

Hutchins recovered judgment against Scott, Iten & Co.,
in October, 1841, on notes dated August 12th, 1840.  On the
8th day of December, 1841, James Barnett entered his re-
cognizance of replevin bail on the judgment.   The ap-
praisement law was passed February 12th, 1841, and the
question was, which law should govern the sale of Bar-
nett's property, as replevin bail, the law of the contract in
1840, or the appraisement law of 1841 ?

We extract the following reasoning from the opinion of
the court, delivered by STUART, J., which is so solid and
cogent that we do not hesitate to adopt it as our own :

" The statute in force at the time in relation to replevin
bail, was that of 1838.   It provided for a stay of execution
upon recognizance of a sufficient surety, acknowledging
himself bail for the payment of the judgment ; and that such
recognizance should have the force and effect of a judg-
ment confessed.     *    *    *

" It seems clear that the confession was of the par-
ticular judgment, with all its incidents and terms,
only in so far as it was modified by the statute authorizing
it.   He adopted the contract of Scott, Iten & Co., just as it
stood in the judgment.   He was a joint debtor in that
judgment with the principals.  * * The judgment, as to the
principals, is governed by the law of the original contract. * *
The law of the contract * * was without appraisement.  The
legal effect of the recognizance of replevin bail, was that
of a confessed judgment.  That confession can not be re-
garded in the light of a new contract with Hutchins,
for Hutchins is not really a voluntary party to it.  It must,
rather, be regarded as an adoption, on the part of Barnett,
of the contract which Hutchins had already made with

Scott, Iten & Co.  As to the bail, therefore, it seems to us it must be the same as it is to the principals.  He adopts their contract—they are joint debtors.  That contract is, that the property of these joint debtors shall be sold without appraisement.  This is the law virtually written out in the judgment, the terms of which he has adopted.  *   *

" The construction thus given to the law of replevin bail, while it seems natural and reasonable in itself, is due to the execution plaintiff.  It has been already intimated that the contract is involuntary on the part of Hutchins.  It is a contract by operation of law, and the act of a third party, to which the plaintiff's consent is neither asked nor deemed essential.  Yet are his rights and remedies postponed by it.  Meantime, the principals may become insolvent.  The contract of replevin bail should not, therefore, be so construed as to work injury to those who have no option but to accept it—unless, indeed, such was clearly the meaning and intention of the Legislature.  In the light we view it, no violence is done either to the language or intention of the statute."

This case arose when there was no such curative statute as section 790 of the present code.  The curative statute then in force applied only to recognizances, bonds or securities, " made payable to the State of Indiana," and did not embrace recognizances of replevin bail on a private judgment.  R. S. 1838, p. 450, sec. 24.  The case, therefore, was decided upon the general principles of interpreting the statute granting a stay of execution, without any curative statutes affecting it then in force.

By the statutes in force, above cited, governing the present case, section 420 gives the stay of execution by procuring a recognizance of replevin bail ; section 421 declares that the undertaking of the recognizance shall be for the payment of the judgment, interest and costs ; sec-

tion 790 enacts that the recognizance shall not be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged; but that principal and surety shall be bound by such recognizance " to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance." The extent contemplated by the law staying an execution is, that the replevin bail shall be liable to pay the judgment upon terms the same as the principal. The restriction in the recognizance to one-half, or any other amount less than that, of the judgment, interest and costs, is a limit to the liability, which the replevin bail can not make. Such a limit would defeat the object of the law, or at least restrict the liability of replevin bail below the extent contemplated by the statute. The following cases fully support this principle: *Carnahan* v. *Brown*, 6 Blackf. 93; *Williams* v. *Beisel*, 3 Ind. 118; *Gavisk* v. *McKeever*, 37 Ind. 484; *Railsback* v. *Greve*, 58 Ind. 72; *Koeniger* v. *Creed*, 58 Ind. 554; *Bugle* v. *Myers*, 59 Ind. 73; *Fuller* v. *Wright*, 59 Ind. 333; *Miller* v. *McAllister*, 59 Ind. 491; *Yeakle* v. *Winters*, 60 Ind. 544; *The State* v. *Berg*, 50 Ind. 496.

In *Yeakle* v. *Winters, supra*, this court, in speaking of a replevin bond defective at common law, says: " Indeed, the public law makes this class of bonds, and not the private agreement of the parties; and, however informal or imperfect any such bond may be in its terms, it imposes the same obligation upon its makers as if every stipulation which the law requires was plainly written within its body." So of this case. The recognizances of replevin bail, which we are considering, however informal or imperfect they may be, are the same as if they undertook to pay the judgment, interest and costs, or as if all the requirements of the law under which they were taken were written within them in terms. They do not stand alone; they belong to the judgment, and are a part of it, and

the law is a part of them; they must be interpreted by the law through the judgment, and no informality, imperfection, condition or limit must be allowed to defeat, contradict or embarrass the requirements which the law imposes.

The judgment plaintiff has a right to have his judgment stayed according to law, if stayed at all. The act of taking the recognizance of bail is entrusted to an officer of the law who has no power to take it except according to the law. He can not bind the plaintiff's rights in any other way. The recognizor must know, before he enters into the recognizance, that the law prescribes its terms of liability, without regard to its formality or expressed terms, and that he can enter into it in no other way. To allow a judgment to be stayed in parts, by different persons, at different times, would compel the judgment plaintiff to seek his remedy in parts, against different persons, and at different times. Such a construction of the statute would embarrass its practical working, and be clearly repugnant to the intention of the Legislature. And to hold a recognizance of bail void because it did not strictly comply with the statute would ignore section 790, and defeat the purpose intended by sections 420 and 421.

It should also be remembered that there is a manifest difference between that class of cases where a person, by some imperfect act of his own, claims a right under a statute, and the class where a person, by some imperfect act of his own, attempts to defeat a liability against him under a statute.

For the above reasons, and according to the authorities, we have come to the conclusion that the recognizances before us are as valid as if they undertook, in express terms, to pay the judgment, interest and costs, according to the requirements of the law under which they were taken. What significance, if any, the limitations in their terms may have, between the recognizors, in adjusting their

.equities with one another is not a question before us; but, as against the judgment plaintiff, who had no voice in their making, but who was compelled to submit to their terms, the limitations have no force whatever.

The appellees rely upon the case of *Montgomery* v. *Pierson*, 7 Ind. 97; but that case arose when there was no such healing statute as section 790, which governs the case now before us—none, except section 24, above cited from the Rev. Stat. 1838, which is not cited or referred to in the opinion. They also cite the cases of *Hougland* v. *The State*, 43 Ind. 537, and *Fentriss* v. *The State*, 44 Ind. 271; but these cases were overruled by the case of *Miller* v. *McAllister*, 59 Ind. 491, and of course are no longer law. They were decided upon a misapprehension of the case of *Cox* v. *Crippen*, 13 Mich. 502, and without any reference to section 790 of our present code, which seems to have been overlooked at that time by the counsel as well as by the court. The other cases cited by the appellees are not controlling or decisive in their favor.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to overrule the motion to quash the writ of execution, and render judgment accordingly.

### PETITION FOR A REHEARING.

BIDDLE, J.—In the learned and forcible petition for a rehearing in this case, made applicable also to two other cases between the same parties and involving the same questions, we find no question made, nor authority cited, but such as had been before fully considered in the briefs of counsel, and in the original opinion delivered in this case; but we find some new arguments offered on behalf of the appellees.

The counsel for the appellees seem to understand our opinion as follows:

" The law says, you can not replevy by halves. The

court says, therefore you are liable for the whole. Wherefore? By the magic power of section 790."

But we do not find any such words in the opinion, nor any other words from which such propositions could be constructed, nor such meaning be fairly inferred. The substance of the opinion, however, may be stated, in brief, as follows:

" The law says, you can not replevy by halves, and says, that, if you do replevy, you must replevy for the whole. The court then says, by virtue of the law, that, as you have replevied, you are liable for the whole."

These seem to us to be quite different propositions from those stated by the counsel.

Counsel also argue as follows:

" The law requires, in numerous cases, a bond in double the amount involved, and a failure to fix the penalty at this precise sum is held a fatal omission. Suppose, in such case, the penalty should be for only one-half the required sum; under the ruling in this case the penalty must be increased, and the surety held for the whole amount; for, unless this bond be for the right amount, it will not have the proper legal effect; and every man is presumed to know the law, and this section must be construed to mean, not the amount for which the bond is conditioned, but for the amount the law requires. No one could contend for such a ruling, and wherefore? Because the section cures instruments by their terms defective in form or substance, but does not cure or change instruments perfect in form and substance, but not adapted to the purposes for which they were attempted to be used."

It may be true, as to unofficial or individual bonds, when the law requires them to be in double the amount involved, that a failure to fix the penalty at the precise sum will be held as a fatal omission. This question is not before us; we therefore neither decide it nor discuss it.

But the proposition is not true as to the official bonds, recognizances and written undertakings embraced in section 790, as the decisions cited in the original opinion will clearly show. Besides, a penal bond is a very different instrument from a recognizance of replevin bail. A penal bond is an executory, unadjudicated instrument, upon which, whatever the amount of the penalty may be, the liability of the obligor can not exceed the amount of damage suffered, upon breach, by the obligee; and, upon such a bond, it may be that no liability will ever be incurred. A recognizance of replevin bail is an executed, adjudicated instrument, a judgment by confession, wherein the amount is instantly and exactly fixed between the parties by the amount of the judgment—in popular phrase it is " the end of the law ; " and when section 420 declares how such recognizance shall be executed, when section 421 declares that the undertaking " shall be for the payment of the judgment, interest and costs," and when section 790 declares that no such recognizance " shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged, but that the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance," and when recovery may be had upon such defective instrument, " to the same extent as if such bond, recognizance or written undertaking were perfect in all respects," it seems to us that the logical conclusion is clearly with the opinion already · pronounced in this case.

Doubtless, in cases where the law does not fix the amount, the sureties will be bound only " to the amount specified in the bond or recognizance ; " but where the law fixes the amount, as in a recognizance of replevin bail, the surety can not restrict it, but will be bound, however im-

perfect the execution of the recognizance may be, by the amount which the law prescribes. The bail can not limit his liability contrary to law ; he can not say, " I will make my bond according to law, but will not be bound." Indeed, if the surety names no amount in a recognizance of replevin bail, he will be bound by the amount fixed by law. Surely, then, it is illogical to say, that, if he names half the amount, he shall be discharged entirely.

A recognizance of replevin bail, obtained by the fraud of the judgment defendant, will be binding, unless there is fraud on the part of the judgment plaintiff. *Lepper* v. *Nuttman*, 35 Ind. 384; *Laidla* v. *Loveless*, 40 Ind. 211.

The counsel conclude their petition as follows :

" We *earnestly* ask a rehearing of these causes, and can not refrain from the belief that a careful examination of the question by the whole court must result in arriving at the conclusion that the ruling of the court must be reconsidered."

All the decisions of this court are made " by the whole court," unless the dissent or absence of some one of the judges is noted in the decision.

The petition is overruled.

NIBLACK, J., was absent.