## HAWES v. PRITCHARD.

### No. 7466.

REPLEVIN BAIL.—*Informality.*—*Effect of.*—*Judgment Confessed.*—Under the provisions of section 790 of the code, an undertaking for stay of execution upon a judgment taken before a justice of the peace, where the amount is "over forty and under seventy-five dollars," "for one hundred and eighty days from the rendition thereof," is not void, but has the effect of a judgment confessed by such replevin bail.

From the Clark Circuit Court.

*J. H. Stotsenburg*, for appellant.

*J. A. Pritchard*, for appellee.

HOWK, J.—In this action, the appellant sued the appellee, for the enforcement of an alleged lien upon certain real estate in Clark county, Indiana, owned and held by the appellee.

The cause was tried by the court upon an agreed statement of facts, and a finding was made for the appellee; and the appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him for the appellee's costs.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial; and the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The evidence adduced on the trial is in the record by a proper bill of exceptions. It consisted solely of an agreed statement of facts, signed by the counsel of the parties respectively, and was, in substance, as follows:

"The agreed facts in this case are as follows: Benjamin F. Abbott, on the 8th day of March, 1869, brought suit against one John W. Slider, before Melvin Weir, Esq., a justice of the peace of Union township, of Clark

county, Indiana, on a promissory note, of which the following is a copy:

" ' MEMPHIS, Indiana, Sept. 14th, 1868.

" ' One day after date, for value received, I promise to pay B. F. Abbott or order the sum of eighty-six dollars and twelve cents, with ten per cent. interest until paid.'

" On March 8th, 1869, a writ of summons issued in said action and was served by the proper constable on said defendant John W. Slider, on March 9th, 1869. The trial was had on March 13th, 1869, and a judgment by default was rendered in favor of said plaintiff, and against the said defendant John W. Slider, on the said 13th day of March, 1869, in said action, for the sum of sixty-one dollars and forty-five cents, with interest and costs of suit taxed at two dollars and sixty-five cents. Upon the same day, the following undertaking for the stay of execution was entered on the docket of the said justice, immediately below the judgment, and the same was signed by the surety, Henry Rogers:

" ' I, Henry Rogers, hereby acknowledge myself replevin bail for the stay of execution on the above judgment, for one hundred and eighty days from the rendition thereof.        (Signed,)        HENRY ROGERS. [Seal.]

" ' Teste: M. Weir, J. P.'

" And besides that no other entry of stay of execution, on the docket of the said justice, in said matter, was ever entered. Afterward, the said judgment plaintiff, Benjamin F. Abbott, assigned this judgment to the plaintiff, Hawes. The said Slider afterward died insolvent; and a transcript of the proceedings and judgment in said cause was filed, and docketed and recorded in the court of common pleas of Clark county, on the 16th day of November, 1872. When it was filed, the said Henry Rogers owned the lands described in the complaint; and afterward he and his wife conveyed said lands by deed

to the defendant, Henry R. Pritchard, who never at any time made any agreement with said Rogers, or any one else, to pay said judgment, interest and costs, and who had no knowledge of said judgment ·and the proceedings thereunder, except such knowledge as he would have constructively, by reason of the filing, recording and docketing of said transcript and proceedings.

" The sole question for the consideration of the court is this : ' Did the undertaking of the said Henry Rogers for a stay of execution, above set out, have the effect of a judgment confessed ? '

" If it did, the plaintiff is entitled to an enforcement of his alleged lien, for the amount of said judgment, interest and costs, upon the lands in the complaint described.   If it did not have that effect, the finding and judgment herein are to be for the defendant.   The court will notice that the judgment rendered, on the proceedings before the justice, was under seventy-five dollars, and that the stay put in was for one hundred and eighty days."

We proceed now to the consideration of the single question presented for decision in the agreed statement of facts.   As stated by the appellee's counsel, this question is as follows :

" Did the undertaking of Henry Rogers, for a stay of execution on the judgment of $61.45, before a justice of the peace, for one hundred and eighty (180) days. have the effect of a judgment confessed against Rogers ? "

In section 84 of the act of June 9th, 1852, defining the " jurisdiction, powers and duties " of justices of the peace in civil cases, it is provided, that, " In all cases where a stay of execution is not prohibited by law, the judgment defendant shall have stay of execution, by entering replevin bail on the docket of the justice,     *
*     *     *     and such undertaking shall have

the effect of a judgment confessed," etc. 2 R. S. 1876, p. 632.

In section 87 of said act, it is further provided, that " If such judgment, exclusive of costs," shall be " over forty and under seventy-five dollars," such stay of execution shall be for " one hundred and fifty days." 2 R. S. 1876, p. 633.

From the agreed statement of facts, in this case, it will be readily seen that the judgment of the justice, on which Henry Rogers had entered himself as replevin bail, for the stay of execution thereon, was " over forty and under seventy-five dollars," exclusive of costs; and that, in his written undertaking, the said Rogers had acknowledged himself replevin bail for the stay of execution on said judgment, for the period, not of one hundred and fifty days, as provided in the statute for a judgment of that amount, but of one hundred and eighty days. It is claimed by appellee's counsel, as we understand his argument, that the undertaking of Henry Rogers, as such replevin bail, would not have the effect of a judgment confessed by him, because, in his undertaking, the stay of execution on the judgment was, by mistake or otherwise, expressed to be for one hundred and eighty days, when the statute only authorized a stay of execution on such judgment for the period of one hundred and fifty days. In other words, it is claimed that the erroneous use of the words " one hundred and eighty days," as the length of the stay of execution, when the statute only authorized a stay of execution, on the judgment in question, for the period of " one hundred and fifty days," vitiated and avoided the undertaking of said Henry Rogers, as replevin bail, and prevented it from having the effect of a judgment confessed by him.

This position of appellee's counsel can not be maintained, under the law, as it seems to us. The undertaking of Henry Rogers as replevin bail, as shown by the agreed statement of facts, was taken and tested by the justice of

the peace, in the discharge of the duties of his office. In such a case, and as applicable thereto, it is provided in section 790 of the code, that no "bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance." 2 R. S. 1876, p. 311. The effect of these provisions of section 790 of the code, upon informal or defective bonds, recognizances or written undertakings, taken by an officer in the discharge of the duties of his office, has of late been the subject of full consideration by this court, in a number of cases; and it has been uniformly held, as we now hold, that the effect of these statutory provisions is to legalize and validate the bond, recognizance or written undertaking in question, and make of it just such an instrument as was contemplated and called for by the terms of the statute, under which it appeared to have been executed. *Railsback* v. *Greve*, 58 Ind. 72; *Fuller* v. *Wright*, 59 Ind. 333; *Miller* v. *McAllister*, 59 Ind. 491; *Yeakle* v. *Winters*, 60 Ind. 554; *The Vincennes National Bank* v. *Cockrum*, 64 Ind. 229; *Turner* v. *The State, ex rel.*, 66 Ind. 210; *Graham* v. *The State, ex rel.*, 66 Ind. 386; *The State, ex rel. Wyant*, v. *Wyant*, 67 Ind. 25.

We are of the opinion, therefore, that the finding of the court, upon the facts of this case, ought to have been for the appellant, the plaintiff below; and that, for this reason, the court clearly erred in overruling his motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to find for the appellant upon the agreed statement of facts, and to render judgment accordingly.