No. 7563.

STERNE v. McKINNEY ET AL.

REPLEVIN BAIL.—*Judgment.—Stay of Execution.—Principal and Surety.— Release of Surety.—Agreement.— Lien.*—Where a creditor by judgment against two or more, one of whom is principal debtor and the others are sureties, so adjudged in the cause, causes a return of his execution in consequence of the entry of replevin bail, which is invalid as such, thereby discharging a lien of the execution on personal property of the principal sufficient to satisfy the judgment, the surety is injured thereby, and he is discharged *pro tanto.* But it is otherwise if the sheriff return the execution of his own accord, or if, in consequence of such invalid replevin bail, the creditor agrees with the principal debtor to a stay and return of

execution upon the consent of the original sureties being obtained, and they do consent, though without knowledge that such agreement had been made by the creditor, and no lien on property is lost by the return.

SAME.—*Recognizance for Part of Judgment.*—*Void Execution.*—A recognizance of replevin bail for less than the whole of a judgment, interest and costs, is not authorized by statute, and is void as such (R. S. 1881, sections 690, 691 and 697). *The Vincennes National Bank* v. *Cockrum*, 64 Ind. 229, on this point overruled.

From the Gibson Circuit Court.

*J. E. McCullough, L. C. Embree, W. H. Trippet* and *M. W. Fields,* for appellant.

*W. H. DeWolf, S. N. Chambers* and *T. R. Paxton,* for appellees.

MORRIS, C.—This suit was commenced by the appellant against the appellees. The complaint contains three paragraphs.

The first states, that on the 2d day of February, 1875, Ulysses Hibbard, since deceased, and the appellees, Richard J. McKinney, Peter E. La Plant, Henry S. Cauthorn, William Hibbard and Hiram A. Foulks, recovered in the Gibson Circuit Court a judgment against the appellant and Jacob W. Hargrove, Caleb Trippet and Richard M. J. Miller, for the sum of $3,183.50. That the appellant and said Miller were, upon their proper cross complaint, adjudged to be the the sureties of said Hargrove and Trippet, and that it was provided in said judgment that the same should be first levied of property of Hargrove and Trippet as principal debtors. It is further averred, that on the 10th day of March, 1875, an execution was duly issued on said judgment and placed in the hands of the sheriff of Gibson county. That while the execution was in the hands of the sheriff, and just before the time allowed by law for the stay of execution had expired, the judgment plaintiffs agreed with Hargrove and Trippet, the principal judgment debtors, that if they would procure one or more good and sufficient sureties for the payment of said judgment to enter themselves as guarantors or bail for

the payment of said judgment, the judgment plaintiffs would extend the time for the payment of the same for a period of one year from the 31st day of July, 1875, and that they would not issue, or cause to be issued, an execution on said judgment within said time. That, in pursuance of said agreement, said Hargrove and Trippet, on the 31st day of July, 1875, being on the 180th day from the rendition of said judgment, procured the appellees William L. Hargrove, William M. Cockrum, James H. McConnell, Edward Rickard, and John C. Blythe, to acknowledge themselves replevin bail for the payment of the said Jacob W. Hargrove's one-half of said judgment, together with the interest and costs accrued and to accrue thereon at or before the expiration of the time allowed by law for the stay of execution upon said judgment; that, at the same time, said Hargrove and Trippet procured the appellees, Jefferson Turpin and John Sloan, in like manner, to acknowledge themselves replevin bail for said Trippet for the payment of his one-half of said judgment. That said acknowledgments of replevin bail, signed by said parties were endorsed upon said execution issued on said judgment and approved by the sheriff then having the same in his hands for collection, and that said bail was accepted by the judgment plaintiffs; that said bail was good and sufficient. A copy of the execution, and bail pieces endorsed thereon, is filed with the complaint. That said execution was returned and no other execution issued on said judgment until after the expiration of one year from the 31st day of July, 1876, and that during said year the said Hargrove and Trippet sold and disposed of a large amount of personal property, owned and possessed by them in said county, at the beginning of said year and at the time said execution was issued, all of which was liable to be levied upon and sold on execution, out of which said judgment might have been fully paid and satisfied. That said contract between said judgment plaintiffs and Hargrove and Trippet was made without the knowledge or consent of the appellant. It is further averred, that on the 6th day of April,

Sterne *v.* McKinney *et al.*

1877, the judgment plaintiffs caused an execution to be issued on said judgment and delivered to Jacob G. Vail as sheriff of said county, who has levied the same upon the lands of the appellant, of the value of $15,000. That, by reason of the acts and agreement of the judgment plaintiffs, the appellant is released from said judgment.   He prays that the levy may be set aside and the parties forever enjoined from enforcing said judgment as against him.

The second paragraph of the complaint states the judgment recovered and the suretyship of the appellant and Miller, as set forth in the first paragraph.   Omitting the agreement between the judgment plaintiffs and Hargrove and Trippet as to replevin bail, as stated in the first paragraph, it set out the entries of bail by the same parties and in the same manner stated in the first paragraph ; one set becoming bail for Hargrove's half of the judgment, and the other for Trippet's half. That there was, at the time the bail was entered, an execution on said judgment in the hand of the sheriff, upon which the bail pieces were written ; that it was returned, and that after the expiration of a year another execution was issued on said judgment and levied by the sheriff, to whom it was delivered, on the land of the appellant. It is also averred that, at the time the last execution was issued, the replevin bail had property subject to execution in said county.   The prayer is, that the levy be set aside, and the judgment plaintiffs required to exhaust the property of the replevin bail before taking or levying upon the property of the appellant.

The third paragraph contains substantially all the facts stated in the first, except that it avers that the judgment plaintiffs agreed that if Hargrove would procure one or more good freeholders to acknowledge themselves bail or surety for the payment of one-half of said judgment, and if said Trippet would procure one or more good and sufficient freeholders to acknowledge themselves bail or surety for the payment of the other half, the bail or sureties to be accepted by either the sheriff or judgment plaintiffs, and if the appellant consented

to an extension of time for one year for the payment of the judgment, then the said judgment creditors would extend the time of payment for one year from the 31st of July, 1875. It is then averred, that Hargrove and Trippet performed said agreement on their part, and that the judgment creditors as well as the sheriff accepted and approved the bail; that on the 3d day of August, 1875, the appellant being ignorant of the fact that any agreement had been made for the extension of the time for the payment of said judgment, the judgment plaintiffs, knowing that he was so ignorant, procured him to sign a writing consenting to the extension of the time for payment of the judgment for a period not exceeding a year, but that Miller, the other surety, did not know of such agreement to extend the time of payment, and never consented to any extension. Nothing is said as to the property of Hargrove and Trippet. In other respects, the third paragraph is the same as the first.

The appellees severally demurred to each paragraph of the complaint. The demurrers were sustained, and the appellant electing to stand by his complaint, judgment was rendered for the appellees.

The rulings of the court upon the several demurrers are assigned as errors.

The recognizances of bail endorsed on the execution are as follows:

"We acknowledge ourselves replevin bail for the payment of Jacob W. Hargrove's one-half of the judgment upon which the within execution has issued, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution on such judgment. July 31st, 1875.    WILLIAM M. COCKRUM,

"WILLIAM HARGROVE,

"J. H. McCONNELL,

"EDWARD RICKARD,

"J. C. BLYTHE."

"Taken and approved by me, July 31st, 1875.

"F. W. HAUSS, Sh. G. Co."

"We acknowledge ourselves replevin bail for Caleb Trippet for the payment of the undivided half of the judgment upon which the within execution has issued, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution on such judgment. July 31st, 1875.

"JOHN SLOAN,
"JEFFERSON TURPIN."

"Taken and approved by me, July 31st, 1875.

"F. W. HAUSS, Sh. G. Co."

It is, we think, quite clear that the above recognizances are not in conformity to the statute in relation to the stay of execution upon judgments. Section 420 of the code, 2 R. S. 1876, p. 201, provides that "When judgment has been rendered against any person for the recovery of money or sale of property, he may, by procuring one or more sufficient freehold sureties, to enter into a recognizance, acknowledging themselves bail for the defendant for the payment of the judgment, together with the interest and costs accrued, and to accrue, have a stay of execution."

Section 421 provides that "The undertaking in the recognizance shall be for the payment of the judgment, interest, and costs that may accrue at or before the expiration of the term of the stay of execution."

Section 427 provides that such recognizance "shall have the effect of a judgment confessed, from the date thereof, against the person and property of the bail."

In the absence of the above provisions of the statute, a judgment could not be stayed by putting in bail. The judgment debtor who seeks the benefit of the statute must comply, substantially, with its provisions. He can not, by procuring bail for a part of a judgment against him, obtain a stay of execution. The undertaking of the recognizance must, by the express terms of the statute, be for the payment of the whole judgment. He can not obtain a stay upon one half of the judgment by putting in bail for its payment, nor can he stay

the whole judgment "by halves." *The Vincennes Nat'l Bank* v. *Cockrum,* 64 Ind. 229. If the recognizances in this case are valid, each must be considered good without reference to the other. They are in no way connected; each is distinct from, and independent of, the other, and the validity of neither depends upon the existence or validity of the other. That executed by Cockrum and others, if valid as a statutory recognizance of bail, had the effect, at the time of its approval, to stay execution on one-half of said judgment. But, as the statute does not authorize a stay of execution on a part of a judgment, these recognizances must, as statutory recognizances, be held invalid, unless some provision of law gives them an effect beyond that which their terms clearly express.

It is insisted that section 790 of the code applies to recognizances of replevin bail, and this has been too often held to be now questioned. *Hawes* v. *Pritchard,* 71 Ind. 166, and cases there cited.

It is insisted that this section so changes these recognizances that they secure the whole and not a part of the judgment; that though the recognizors expressly stipulated to pay a part only of the judgment, yet, by force of this section, they must be held to have undertaken to pay the whole judgment. And this is held to be the law in the case of *The Vincennes National Bank* v. *Cockrum.* This effect should not be given to the statute unless its language plainly and clearly requires it. The section is as follows:

"No official bond entered into by any officer, nor any bond, recognizance or written undertaking, taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance."

If this section applies to these recognizances, then, by its

express terms, the recognizors, being sureties, can not be bound to a greater amount than that specified in the recognizance, to wit: one-half of the judgment. But as there is no law authorizing a stay of execution upon a recognizance to secure the payment of one-half a judgment, it follows that, as statutory recognizances, they are invalid.

But it is averred in the first paragraph of the complaint, that, before the execution of said recognizances, an execution had been issued on said judgment, at which time Hargrove and Trippet owned and possessed a large amount of personal property in said county, out of which said judgment might have been satisfied; that it was returned on the day the recognizances were executed, and no other execution issued until they had sold and disposed of said personal property. It is also averred that the bail, as entered, was accepted by the judgment plaintiffs. If they accepted the bail, they must be held to have known that the recognizances were void, and that their acceptance did not require or justify the return of the execution on which they were endorsed. Their acceptance of the bail was an implied direction to the sheriff to return the execution.

Did the return of the execution without levy, by the direction of the judgment creditors, it being a lien on personal property of the principal judgment debtors sufficient to satisfy the judgment, discharge the sureties? Where the creditor, with knowledge of the fact that some of the judgment debtors are principals and others sureties, has acquired a lien upon the goods of the principal debtors, by issuing execution, does the law require him to preserve, so far as he can by reasonable diligence, the lien so acquired, for the benefit of the surety? Upon this proposition, the authorities are conflicting.

In the case of Robeson v. Roberts, 20 Ind. 155, this court declined to decide the question. Brandt says, in speaking upon this subject: "The better opinion, and the one sustained by the weight of authority, however, is that if when the execution is issued, it becomes a valid lien on property of the prin-

cipal without any levy being made, and such lien is lost in consequence of the return of the execution without a levy by procurement of the creditor, and the surety is thereby injured, he is discharged *pro tanto.*" Brandt Suretyship, section 382.

In the case of *Ferguson* v. *Turner,* 7 Mo. 497, the court say : "Execution had issued, and was in the hands of the sheriff, a lien upon the personal property of the debtor. This lien they voluntarily discharge, without consideration ; this they had no right to do. The security, so soon as the lien of the execution attached, was interested in the retention of that lien, and the discharge of the lien discharged the security." In the case of *Bullitt's Ex'rs* v. *Winstons,* 1 Munf. 269, it was held that a letter from the judgment plaintiff to the sheriff, to suspend proceedings on the execution against the principal debtor, discharged the surety. *Brown* v. *The Executors of Riggins,* 3 Ga. 405 ; *Dills* v. *Cecil,* 4 Bush, 579 ; *Miller* v. *Dyer,* 5 Duvall, 263.

We are inclined to the opinion that the better reason is with the above cases, and that the release of the lien of the execution upon the goods of the principal debtor, by authorizing the return of the writ, discharges the surety to the extent that he may be injured by such relinquishment of the lien. In this case, it is averred that the goods, upon which the execution operated as a lien, were sufficient to satisfy the judgment, and that by the return of the execution the goods were lost. We conclude, therefore, that the court erred in sustaining the demurrer to the first paragraph of the complaint.

We think the court did not err in sustaining the demurrer to the second paragraph of the complaint. It is clear, upon the facts stated, that the recognizances of bail were invalid under the statute, and that they did not have the effect of judgments confessed. It follows that the parties executing the recognizances did not become, as to the appellant, the principal debtors and he their surety. The demurrer was, therefore, rightly sustained to this paragraph.

The question arising on the third paragraph is somewhat different from that arising upon the first. While the recogni-

zances executed pursuant to the agreement of the parties are shown to be void as such, they were yet in accordance with the agreement. The judgment plaintiffs are alleged to have agreed, that, in consideration that the principal judgment debtors would procure bail to be entered for Hargrove's half of the judgment, and for Trippet for one-half of it, and procure the assent of the appellant to the extension of time for the payment of the judgment, they, the judgment plaintiffs, would extend the time for the payment of the judgment for one year. It is averred that the bail was procured as agreed, and that the appellant, while ignorant of the agreement, consented to the extension of the time for its payment. We think the fair construction of the agreement, as stated in this paragraph, is, that Hargrove and Trippet were to procure the consent of the appellant to the extension of time upon the terms of the agreement. Had the appellant's assent to the proposed extension been procured upon the terms stated in the alleged agreement between the judgment plaintiffs and Hargrove and Trippet, the extension would not have released him, though his co-surety, Miller, might have been released. It is expressly averred in the complaint, that Hargrove and Trippet did not procure the consent of the appellant to the extension of the time for the payment of the judgment upon the terms of said agreement. Upon these facts it is quite clear that the transaction did not have the effect to extend the time for the payment of said judgment; that, notwithstanding the agreement and the part performance of the same by Hargrove and Trippet, the judgment plaintiffs could have enforced the judgment at any time.

Had it been averred in this paragraph, as it is in the first, that Hargrove and Trippet had, at the time of the issuing of the first execution, personal property subject to execution, and that, upon making the agreement, the judgment plaintiffs had authorized the return of the execution, and thereby released the lien upon their property, in consequence of which the same had been disposed of and placed beyond the reach of an

execution, a very different question would be presented. But, in the absence of such averments, we think there was no error in sustaining the demurrer to the third paragraph of the answer.

As the first paragraph of the complaint was good, the judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion,. that the judgment below be reversed, at the costs of the appellees, with instructions to overrule the demurrer to the first paragraph of the complaint. So far as the case of *The Vincennes National Bank* v. *Cockrum,* 64 Ind. 229, is in conflict with the foregoing opinion, it is overruled.

NIBLACK, J., was absent.

Petition for a rehearing overruled.