## GAVISK ET AL. *v.* McKEEVER.

APPEAL BOND.—*Breach.*—*Defect.*—Where a bond for an appeal to the Supreme Court is given, and the appeal is not perfected in the Supreme Court, an action for that breach of the bond may be sustained, although that condition, required by the statute, be not contained on the face of the bond.

APPEAL from the Vanderburg Common Pleas.

PETTIT, J.—This suit was brought by the appellee against the appellants, and we copy the complaint in full: "The said Thomas McKeever, plaintiff, complains of the said Timothy J. Gavisk and Patrick Doyle, defendants, and says,

that at the May term of this court, 1869, the plaintiff herein brought a suit against the said defendant, Timothy J. Gavisk, and that when the said cause came on for trial, this court rendered a judgment against the said defendant, Timothy J. Gavisk; which judgment is in words and figures as follows, to wit: *Thomas McKeever* v. *Timothy J. Gavisk.*—Now come the parties, and it appearing to the court from the evidence, that the defendant has the sum of fourteen hundred dollars in his possession, together with wearing apparel in the county, which he unjustly refuses to apply to the payment of the judgment on which these proceedings were instituted; and it further appearing to the court that the said defendant was about to leave the State of Indiana, without leaving any property therein subject to execution. It is therefore considered and adjudged by the court, that the said defendant pay into court, instanter, the sum of one hundred and seventy-six dollars and ten cents, the amount of the judgment of the plaintiff, Thomas McKeever, against said defendant, Timothy J. Gavisk, the same on which these proceedings are instituted; and the further sum of twenty dollars and thirty-two cents, the costs in said judgment, and also the costs of this proceeding; or that, with good and sufficient surety, he stay said judgment instanter. It is further ordered and considered, that the said Timothy J. Gavisk remain in the custody of the sheriff until the said judgment be paid, or the same be stayed. From which finding and judgment the defendant excepts, and appeals to the Supreme Court, and files his bond in the sum of three hundred dollars, with Patrick Doyle as his surety; which bond is approved by the court, and the appeal granted, and the said defendant is given thirty days to file his bill of exceptions; and the defendant is hereby discharged from custody. And the said defendant did then and there file his said appeal bond, which is in the words and figures as follows, to wit:

" ' *Thomas McKeever* v. *Timothy J. Gavisk.*—In the Vanderburg Court of Common Pleas, May term, 1869.—We, Timothy J. Gavisk, as principal, and Patrick Doyle, as surety,

undertake and bind ourselves to the plaintiff, in the sum of three hundred dollars, that said defendant will satisfy and perform the judgment which shall be rendered in the Supreme Court of Indiana, in the appeal to said court of the above entitled cause, together with all costs which shall be adjudged against said defendant upon said appeal. May 21st, 1869.

"'Timothy J. Gavisk,

" 'Patrick Doyle.'

" But the plaintiff says that the defendants have wholly failed to prosecute said appeal ; he has wholly failed to make and file his bill of exceptions, and utterly failed and neglected to perfect said appeal; and that thereby said judgment is and remains in full force and effect, and that the said sum of money is now due said plaintiff from the defendants herein; but that they have failed to pay the same, or any part thereof; to the damage of this plaintiff in the sum of three hundred and fifty dollars. Wherefore, he demands judgment for three hundred and fifty dollars, and all other proper relief."

There was a demurrer to this complaint, by each of the defendants separately, for want of sufficient facts, which was overruled; and the only question in the case is the sufficiency of the complaint. We hold that the complaint was sufficient.

It is true that there was no judgment rendered in the Supreme Court, nor was the appeal prosecuted to this court; and the failure so to prosecute the appeal as prayed and granted, and for which purpose the bond was given, is the breach alleged.

The statute, 2 G. & H. 271, sec. 555, requires that one condition of such bond, among others, shall be, " that he will duly prosecute his appeal." This condition is not in this bond, and it is therefore defective, but this defect may be cured by a suggestion (2 G. & H. 333, sec. 790); and this court has held, that when the bond is filed with and made a part of the complaint, and the defect is palpable from

inspection, it is a sufficient suggestion of the defect; *Cook* v. *The State, ex rel. Patterson*, 13 Ind. 154; and we approve of the ruling in that case.

The judgment is affirmed, at the costs of the appellants.

*A. Dyer*, for appellants.

*J. M. Shackelford*, for appellee.