Fentriss *et al. v.* The State, *ex rel.* Watkins.

---

FENTRISS ET AL. *v.* THE STATE, EX REL. WATKINS.

PROCESS.—*Pleading.*—*Surety.*—*Default.*—It is not necessary that process issue upon a pleading filed by some of the defendants, setting up that they are sureties of the other defendants, even when such pleading is filed after the default of said other defendants, but before any judgment is rendered.

Fentriss *et al. v.* The State, *ex rel.* Watkins.

REPLEVIN BAIL.—*Justice of the Peace.*—*Judgment.*—A recognizance of replevin bail of a judgment recovered before a justice of the peace, if not attested by the justice, is wholly void.

From the Gibson Common Pleas.

*C. A. Buskirk*, for appellants.

*O. M. Welborn*, for appellee.

DOWNEY, C. J.—The appellee sued the appellants, a justice of the peace and his sureties, on the official bond of the justice. The common pleas overruled a demurrer to the complaint, which was filed by the appellants. They excepted to this ruling, and declining further to answer, judgment was rendered against them. The only question presented here is as to the sufficiency of the complaint.

The facts alleged in the complaint are these; that Fentriss, one of the appellants, was a justice of the peace in Patoka township in Gibson county, and the other appellants, Robb and Skinner, were the sureties on his official bond, the bond bearing date the 7th day of November, 1868, at which time, it is alleged, the justice of the peace entered upon the discharge of his duties. On the 18th day of June, 1870, Catharine Brooks brought a suit before the justice of the peace on a promissory note, against Thomas Norman, Purnell Watkins, the relator, and one Thomas Ewing. On the day set for trial by the justice of the peace, June 24th, 1870, Norman made default. Watkins and Ewing, in a pleading filed by them, alleged that they were sureties for Norman and objected to any stay of execution, unless the bail for stay would undertake specially to pay the judgment, in case the amount thereof could not be levied of the principal defendant. No process on this pleading appears to have been issued or served on Norman. The justice of the peace, having heard the evidence, rendered a judgment against the defendants for the amount of the note, found that Watkins and Ewing were sureties for Norman, and ordered that the execution, to issue on the judgment, be first levied on the property of Norman. He also ordered and entered on the docket, that no stay of execution should be

allowed on the judgment, unless the bail would undertake specially to pay the judgment, in case the amount thereof could not be levied of the defendant Thomas Norman.

On the 29th day of July, 1870, Isaac Mounts became replevin bail on the judgment in this form: "I, Isaac Mounts, acknowledge myself replevin bail for the stay of execution on the above judgment for one hundred and eighty days from the rendition thereof. July 29th, 1870.

                                    "ISAAC MOUNTS."

It is alleged that, from the date of the judgment until the 8th day of July, 1870, the defendant Thomas Norman resided in Patoka township, in said county, and had property subject to execution therein of the value of one thousand dollars; that the justice of the peace, although no direction was given not to issue execution on the judgment, failed and neglected to issue an execution thereon until the 3d day of February, 1871 ; that after the 8th day of July, 1870, and from that date to the time of the commencement of this suit, said Norman has been insolvent and had no property subject to execution, and that the relator has fully paid and satisfied said judgment; wherefore he has been damaged, and demands judgment for, two hundred dollars.

We are without any brief from the appellee, and are therefore ignorant of the views taken of the case from that side. The appellants assume two grounds of objection to the complaint: 1st. That the finding of the justice of the peace as to the suretyship of Watkins and Ewing, and the order that the execution should be first levied on the property of Norman, their principal, were invalid, because there was no process issued on the pleading setting up the suretyship and served on Norman, and he had been defaulted before that pleading was filed; that, although, if that pleading had been filed before the default was taken, it might have justified the finding and order without other process, yet as it was not filed until after the default, process upon it against Norman was essential to any valid finding and order on the subject.

We think that the mere fact that Norman had been called and defaulted before the complaint of the sureties was filed, it having been filed before any judgment was rendered, did not make it necessary to take out and serve other process. What might be the rule, if the complaint of the sureties had been filed after the rendition of the judgment on the principal complaint, we need not decide. We are referred to no case like this, where further process has been held necessary, and we think the practice has been to settle the question of suretyship upon a complaint filed, setting up that fact, without any further process in cases where the question has been raised during the pendency of the main action.

. The second ground of objection to the complaint is, that there was a valid stay of execution by Mounts; that there is no allegation of his insolvency ; that the recognizance for stay of execution must be construed in accordance with the order of the court, so as to bind Mounts to pay the judgment before resort could be had to Watkins and Ewing, or either of them, notwithstanding it did not, in form, correspond with the order of the court ; that as the recognizance is written under the judgment on the docket, it must be construed in connection with the terms of the judgment, and as binding the bail according to the terms of the judgment, and as making the bail liable before the defendants therein, who were the original sureties of Norman.

We need not decide this point, for the reason that, according to the decision of this court in *Hougland* v. *The State, ex rel. McCool*, 43 Ind. 537, the recognizance of replevin bail in this case is wholly void, on the ground that it was not attested by the justice of the peace, as contemplated by sec. 84, p. 602, 2 G. & H. With this view of the case, the alleged replevin of the judgment can have nothing to do with the question as to the sufficiency of the complaint. No other question than those already decided has been presented by the appellant, and we have not considered whether there are other objections to the complaint or not.

The judgment is affirmed, with costs.