Miller *et al. v.* McAllister.

---

### MILLER ET AL. *v.* McALLISTER.

REPLEVIN BAIL.—*Attestation of by Justice.—Cases Overruled.*—An entry of replevin bail on a judgment rendered by a justice of the peace is not void because not attested by the justice. *Hougland* v. *The State*, 43 Ind. 537, and *Fentriss* v. *The State*, 44 Ind. 271, overruled on this point.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellants.

*J. Wright* and *J. M. Seller*, for appellee.

HOWK, J.—In this action, the appellants were the plaintiffs, and the appellee was the defendant, in the court below.

In their complaint, the appellants alleged, in substance, that, on the 17th day of July, 1875, they recovered a judgment before Alexander Harper, a justice of the peace in and for Franklin township, Montgomery county, Indiana, against one Milner, for the sum of one hundred and fifty-six dollars and fifteen cents, and costs of suit, amounting to one hundred and seventy-five dollars; that afterward, on the 23d day of July, 1875, when the appellants were about to sue out an execution on said judgment

against said Milner, the appellee promised and agreed to stay and pay the same, and induced said Milner to execute to appellee a mortgage on two horses and some fields of growing wheat, all of the value of three hundred dollars; and thereupon the appellee agreed with the appellants to stay said judgment, said mortgage being intended to indemnify him as the replevin bail of said Milner; that, upon the execution of said mortgage, the appellee went to the justice's office and signed the following instrument, immediately under said judgment, to wit:

"I, Jesse B. McAllister, acknowledge myself replevin bail for stay of the above judgment, for one hundred and eighty days from rendition thereof.

(Signed,)                    "JESSE B. MCALLISTER."

That, in consideration of the execution of said mortgage to said appellee, and in consideration of said agreement to stay said judgment, the appellants did not have any execution issued on said judgment, but waited the full period of one hundred and eighty days for the appellee to pay the same, which he refused to do; and that the said judgment had not, nor had any part thereof, ever been paid, and that the judgment defendant, Milner, was then insolvent. Wherefore the appellants demanded judgment against the appellee for three hundred dollars.

To this complaint the appellee demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court below, and to this decision the appellants excepted; and, failing to plead further, judgment was rendered against them, on the demurrer, for the costs of suit.

The decision of the court below, in sustaining the appellee's demurrer to their complaint, is the only error assigned by the appellants in this court.

The question presented for our consideration and decision, by the record of this cause and the error assigned thereon, may be thus stated: Was the appellee's undertaking, as replevin bail on the judgment described in the

appellants' complaint, binding, legal and valid, or was such undertaking, by reason of any defect therein, inoperative and wholly void?

In section 84 of "An act providing for the election and qualification of justices of the peace, and defining their jurisdiction, powers and duties in civil cases," approved June 9th, 1852, it is provided as follows:

" Sec. 84. In all cases where a stay of execution is not prohibited by law, the judgment defendant shall have stay of execution, by entering replevin bail on the docket of the justice, in substantially the following form:

" I, A—— B———, hereby acknowledge myself replevin bail for the stay of execution, on the above judgment, for — days from the rendition thereof.

" Witness my hand this — day of ——, 18—.

"A—— B———.

" Test:                        E—— F———, Justice.

" And the justice shall be responsible for the solvency of such bail at the time when taken, unless the plaintiff consent thereto; and such undertaking shall have the effect of a judgment confessed; and execution shall issue thereon at the expiration of such stay jointly against the defendant and such bail; and it shall be the duty of the justice to issue execution thereon at the expiration of the stay, unless otherwise ordered by the plaintiff." 2 R. S. 1876, p. 632.

It will be observed, that, in so far as the form for the undertaking of replevin bail is concerned, the section quoted is not mandatory nor imperative in its provisions. " Substantially the following form," is the language of the statute. It is insisted, however, by appellee's counsel, as we understand them, that the form given is mandatory, at least so far forth as it would seem to contemplate that the entry or undertaking of replevin bail, on a justice's docket, is to be tested by the justice; and, therefore, that such entry or undertaking, without such attestation of the justice, would be absolutely void. In the case

at bar, the appellee's undertaking as replevin bail, on the judgment described in the appellants' complaint, was not tested, it would seem, by the justice on whose docket it was entered; and therefore it is claimed, that the appellee's undertaking as such replevin bail was and is absolutely void.

In support of their position, the appellee's counsel rely implicitly upon two decisions of this court: *Hougland* v. *The State*, 43 Ind. 537, and *Fentriss* v. *The State*, 44 Ind. 271. It can not be doubted, but that these two cases fully sustain the position of appellee's counsel; but we are not satisfied with the doctrine of these cases on the point now under consideration. In each of the cases, there had been no attestation by the justice of the entry of replevin bail on his docket; and in each case it was held, that the undertaking of the replevin bail was void, for the want of the attestation thereof by the proper justice. The case of *Fentriss* v. *The State*, 44 Ind. 271, was decided solely upon the authority of the case of *Hougland* v. *The State*, 43 Ind. 537. This latter case was decided chiefly upon the authority of the case of *Cox* v. *Crippen*, 13 Mich. 502, on a statute of Michigan very similar in its provisions to the section above quoted of the statute of this State. The Michigan case was decided by a divided court, the majority of the court holding, that an undertaking of replevin bail on the docket of a justice of the peace, without the attestation thereof by such justice, was void. MARTIN, C. J., dissenting, said: "I can not understand that a form prescribed to be substantially followed requires the performance of an act not demanded by express language." In this connection, we may properly remark, that this court was also divided on the case of *Hougland* v. *The State*, the leading case above cited, DOWNEY, C. J., dissenting.

It seems very clear to us, however, that the provisions of section 790 of the practice act are directly applicable to the case made in and by the averments of the appel-

lants' complaint. 2 R. S. 1876, p. 311. The suit is upon the written undertaking of the appellee, as replevin bail, taken by a justice of the peace in the discharge of the duties of his office. This written undertaking is set out in the appellants' complaint, and it appears to be defective in form, in this, that it was not tested by the justice of the peace on whose docket it was entered. In said section 790 of the practice act, *supra*, it is expressly provided, that no such written undertaking "shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such * * * written undertaking, to the full extent contemplated by the law requiring the same," etc.

Under these provisions, it seems to us that the defect in the appellee's undertaking of replevin bail, whether it is regarded as one of form or one of substance, did not make the undertaking void; but he was, and is, bound by such undertaking to the full extent contemplated by the law requiring the same, that is, to the extent of a judgment confessed by him.

It is further provided in said section 790, that, in all actions on such defective bond, recognizance or written undertaking, the plaintiff may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were "perfect in all respects." Under this provision, it has been repeatedly held by this court, that where, as in this case, the defect is apparent on the face of the undertaking, and the undertaking is made part of the complaint, there need not be any special suggestion or averment of the defect in the complaint. *Cook* v. *The State*, 13 Ind. 154; *Gavisk* v. *McKeever*, 37 Ind. 484; and *Railsback* v. *Greve*, 58 Ind. 72.

In our opinion, the appellee's undertaking as replevin bail, in the case now before us, was not void for want either of form or of substance; and, therefore, we hold

that the court below erred in sustaining the appellee's demurrer to the appellants' complaint.

In so far as this decision is in conflict with the cases of *Hougland* v. *The State, supra,* and of *Fentriss* v. *The State, supra,* the latter cases are overruled. It is very evident, we think, from the opinions filed in these two cases, that the attention of the court was in no manner directed to said section 790 of the practice act, nor was the effect of said section in any wise considered by this court in the decision of those cases.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.