## PHILIPPI CHRISTIAN CHURCH v. HARBAUGH.

BOND.—*Replevin by Church Corporation.—Bond Executed by Surety Only.—* A bond signed by the surety only, in replevin by a church corporation before a justice of the peace, is sufficient

SAME.—*Informality of Bond.—*Mere informality in the bond filed in such action is not fatal, but is cured by section 790 of the practice act.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

NIBLACK, J.—This suit was commenced before a justice of the peace.

The Philippi Christian Church, on the relation of George M. Dunn, filed an affidavit before the justice, alleging, amongst other things, that said church, being an organized religious society, was the owner and entitled to the immediate possession of a record book, of the value of twenty-five dollars, of which the said Dunn was the custodian, and that Philip Harbaugh had the possession of said book without right, and unlawfully detained the same.

The transcript informs us that thereupon the plaintiff also filed a bond, as follows:

"We, George M. Dunn, Adamson B. Wiles, Alfred Bennett and Asa Malott are bound to Philip Harbaugh in the penal sum of one hundred dollars, under the conditions following: Whereas the said George M. Dunn has this day filed with Amos Carson, a justice of the peace of Hamilton county, a complaint against said Philip Harbaugh for the recovery of one record book belonging to Philippi Christian Church, and is about [to] take out a writ to replevin the same: Now, if George M. Dunn shall prosecute said complaint to effect, and return said goods to said Philip Harbaugh if judgment of return be awarded him, and pay all damages awarded, him in said cause, then this bond shall be void.

"Witness our hands and seals this 8th day of July, 1876.

"GEORGE M. DUNN,

"ASA MALOTT,

"A. B. WILES,

"ALFRED BENNETT."

"Approved by me this 8th day of July, 1876.

"AMOS CARSON, J. P."

Whereupon a writ of replevin was issued to the proper

constable, who seized the book in dispute and delivered it to the plaintiff.

The defendant entered a motion before the justice to dismiss the action, but his motion was overruled, and there was a verdict and judgment for the plaintiff in the justice's court.

In the circuit court, to which the cause was taken by appeal, the defendant renewed his motion to dismiss the action upon the ground, amongst others, that the complaint and bond were so defective as not to have authorized the issuance of the writ of replevin upon them. Pending that motion, an amended complaint and bond were. filed. in that court, to which no objection is pointed out to us here, but the court nevertheless sustained the defendant's motion and dismissed the action.

The appellee contends that the bond above set out, not having been signed by the appellant, was not such a bond as the statute required, and hence that the cause stood in the justice's court as if no bond had been filed by the appellant; that the appellant having in fact filed no bond, the justice had no jurisdiction of the action, citing *Deardorff* v. *Ulmer*, 34 Ind. 353, and that, as the justice had no jurisdiction, the circuit court acquired none by the appeal; that, for want of jurisdiction in the justice, the circuit court did right in dismissing the action.

We are unable to adopt the construction of the statute thus contended for by the appellee.

The act conferring jurisdiction upon justices over actions like this provides, that the plaintiff, after filing his complaint, " shall file with such justice a bond with surety, to be approved by such justice, and payable to the defendant in a sum double the value of such goods," before the justice is authorized to issue his writ for the property sued for. 2 R. S. 1876; p. 628, sec. 71.

As has been seen, the plaintiff is not required to file *his* bond, but a bond with surety..

The plain object of this provision seems to us to be to furnish the defendant with security additional to that which a simple judgment against the plaintiff would afford him. That additional security is, we think, sufficiently provided, when the sureties alone have signed the bond, with the proper approval of the justice. Such we believe to be the true construction of the act above referred to, and this view is sustained by the authorities in analogous cases. *Church* v. *Drummond*, 7 Ind. 17; *Abbott* v. *Zeigler* 9 Ind. 511.

The bond filed with the justice was in some respects informal, but, aided by the very liberal provisions of section 790 of the code, 2 R. S. 1876, p. 311, it was, in our opinion, sufficient for the purpose for which it was filed.

The court below manifestly erred in dismissing the action.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.