No 7293.

ENSLEY v. McCORKLE, SHERIFF, ET AL.

REPLEVIN BAIL.—*Entry of.*—*Affidavit.*— *Confession of Judgment.*—Section 385, 2 R. S. 1876, p. 190, in relation to the confession of judgment, does not require any affidavit in connection with the contract and entry of replevin bail. Such bail undertakes for the payment of the debt of another, which is already in judgment, excluding inquiry concerning its validity or the amount due thereon.

SAME.—*Attestation of, by Clerk.*—Where the entry of replevin bail on a judgment rendered in the circuit court was not formally approved or attested by the clerk thereof, such entry is not, for that reason. invalid or of less legal effect than if there had been such formal approval.

SAME.—*Presumption.*— *Statute Construed.*—Section 421, 2 R. S. 1876, p. 202, does not in terms require an attestation or formal approval by the clerk of the entry of the recognizance of replevin bail; and, in the absence of an unequivocal showing that the entry was made without his knowledge and approval, the existence of the entry upon the judgment docket of the court is sufficient proof of his approval.

SAME.—*Foreclosure.*— *Execution Against Replevin Bail, where there is no Personal Judgment.*— *Clerk may Issue.*—Where a judgment of foreclosure is rendered without any personal judgment, and an entry of replevin bail is written and signed immediately following the decree, the clerk may, after the sale of the mortgaged premises, issue an execution against the property of the replevin bail for any balance remaining unsatisfied of such decree, without any order of the court therefor.

From the Shelby Circuit Court.

*A. Blair*, *E. P. Ferris* and *W. W. Spencer*, for appellant.
*B. F. Love* and *H. C. Morrison*, for appellees.

WOODS, J.—Complaint for injunction. Judgment on demurrer to the complaint, for the appellees. The facts on which the injunction was prayed are substantially the following : The appellee Nancy Chandler, on the 14th day of November, 1876, obtained in the court below a decree for the foreclosure of a mortgage on real estate, against Robert and Lydia E. Titus. Robert Titus had purchased subject to the mortgage, but had not assumed the payment of the debt. There was, therefore, no personal judgment rendered in connection with the decree. Upon the order

book, immediately below the entry of the decree, the appellant had made and signed the following:

"I, William S. Ensley, acknowledge myself replevin bail for the payment of the sum of eight hundred and seventy-eight dollars and twenty-five cents, the amount mentioned in the foregoing decree, together with accruing interest and all costs thereon, on or before the expiration of the time allowed by law for the stay of execution on the same.

"Witness my hand and seal, this 18th of December, 1876.                                  WM. S. ENSLEY. [L. S.]"

On the 28th day of May, 1877, by order of the plaintiff therein, a duly certified copy of said decree and contract of replevin bail was issued by the clerk to the sheriff, the appellee McCorkle, who, by virtue thereof, made due sale of the mortgaged premises to the appellant for the sum of one hundred dollars, which was applied in payment of the costs. and in part payment of the amount due upon the writ. Thereafter, on the 8th day of December, 1877, presumably upon request of the plaintiff in said decree, as there is no averment to the contrary, the clerk issued to said sheriff a second writ, running in the name of the State and addressed to the sheriff of the county, reciting the recovery and entry of said decree and contract of replevin bail, and setting the same out by copy, and reciting the issue of a copy thereof to the sheriff and his return thereon, setting them out by copies also, and concluding as follows, to wit: "And whereas. there remains unpaid upon said judgment and order of decree and interest the sum of $874.68, after the proceeds of said sale of lands were so offered (applied?), all of which is. shown by the sheriff's return now on file in this office, you are therefore commanded to levy upon and sell any property of the said William S. Ensley, the replevin bail, subject to execution, in your county, to satisfy the said unpaid part of said decree above stated, a copy of which decree is herein

VOL. 74.—16

Ensley *v.* McCorkle, Sheriff, *et al.*

above set forth, and return this writ within 180 days from the date of the same, with your doings thereon. In witness whereof, I, Bellamy S. Sutton, clerk of said court, hereunto affix the seal thereof and subscribe my name, at Shelbyville, this the 8th day of December, A. D. 1877. Bellamy S. Sutton, Clerk." By virtue of this writ, the sheriff had seized, and was about to sell, certain personal property of the appellant, who brought suit to enjoin the sale.

Besides the facts recited, the complaint contains an averment "that no affidavit of any kind was affixed by the plaintiff to said entry" of replevin bail, "and that the same was never approved by the clerk of the Shelby Circuit Court, nor attested by him." No affidavit was necessary. It is true that the code, section 385, provides that "Whenever a confession of judgment is made by power of attorney or otherwise, the party confessing shall at the time he executes such power of attorney, or confesses judgment, make affidavit that the debt is just and owing, and that such confession is not made for the purpose of defrauding his creditors ;" and, by section 427, "Every recognizance of bail, taken as above provided, shall have the effect of a judgment confessed, from the date thereof, against the person and property of the bail " We are not, however, of the opinion that any affidavit is required in connection with the contract and entry of replevin bail. The affidavit is required, if at all, of the one confessing the judgment, and is manifestly inappropriate to the case of one who signs as replevin bail. He owes no debt, and undertakes simply for the payment of the debt of another, which is already in judgment, excluding inquiry concerning its validity or the amount due thereon. We do not interpret the complaint as meaning that the clerk did not approve or accept the bail, but simply that the entry thereof was not formally approved or attested by him, and we are not of the opinion that, for this reason, the entry is invalid, or of less legal effect than if there had been such formal ap-

proval. The question is, in all essential respects, the same as was decided in *Miller* v. *McAllister*, 59 Ind. 491, wherein, overruling *Hougland* v. *The State, ex rel.*, 43 Ind. 537, and *Fentriss* v. *The State, ex rel.*, 44 Ind. 271, it was held that the absence of an attestation by a justice of the peace, from an entry of replevin bail on a judgment rendered by such justice, did not invalidate the entry. The reasoning of that case, based as it was on the language of the law authorizing the taking of replevin bail by justices of the peace, is equally applicable to the law and facts of this case.

The provision of the code on the subject is as follows: "Sec. 421. The bail, for stay of execution, may be taken and approved by the clerk, and the recognizance entered of record, at any time before the term of stay of execution expires. The undertaking in the recognizance shall be for the payment of the judgment, interest, and costs that may accrue at or before the expiration of the term of the stay of execution. The recognizance shall be written immediately following the entry of the judgment, and signed by the bail."

There is, it will be observed, no explicit requirement of an attestation or formal approval by the clerk, and, in the absence of an unequivocal showing that the entry was made without his knowledge and approval, the existence of the entry upon the docket, which is in the exclusive control of the clerk, is sufficient proof of his approval. If it got there surreptitiously and without his consent, he would doubtless have been justified in erasing the entry, or at least in noting his disapproval.

This brings us to the main question in the case, which is stated by counsel for appellant as follows: "A judgment of foreclosure is rendered without a personal judgment; an entry of replevin bail is written and signed, immediately following the order of sale, but not approved or attested by the clerk. The order of sale is issued, and the land is sold, but not for enough to satisfy the decree. Now what are the

rights and liabilities of the parties?'' Stated more suc-- cinctly, and at the same time more accurately, the question is whether the last writ issued in this case was a valid exe- cution against the property of the appellant.

It is contended that the clerk had no power to issue an execution against the property of the appellant; that there being no personal judgment on which an execution could issue against either defendant to the decree of foreclosure, there can be no execution against the replevin bail, unless an order of the court be obtained therefor, upon proper ap-- plication and notice; that the awarding of an execution, in the absence of statutory power, is a judicial act, and not a ministerial one; and that no such power, in cases like this, is given the clerk by law, the statute contemplating only a joint execution against the principal and replevin bail. In support of these propositions, counsel cite: Code, sec. 428; *Skelton* v. *Ward*, 51 Ind. 46; *Hutchins* v. *Hanna*, 8 Ind. 533; *The Vincennes National Bank* v. *Cockrum*, 64 Ind. 229; Freeman Executions, sec. 23; Herman Executions, sec. 221; *Johnson* v. *Ball*, 1 Yerg. 291; *Daley* v. *Perry*, 9 Yerg. 442. We have come to a different conclusion, and think the execution as issued was lawful, and constituted sufficient warrant for the seizure and sale of the appellant's goods. The statute authorizes the entry of replevin bail, ''when judgment has been rendered against any person for the recovery of money or sale of property.'' Sec. 420 of the code. The judgment or decree in this case was, that, upon default of payment of a specific sum of money found. due the plaintiff, the mortgaged premises be sold for the purpose of effecting such payment. It was clearly such a judgment as admitted of bail for the stay of execution or of an order of sale thereon. By his contract of bail, the ap-- pellant became bound ''for the payment of the judgment, interest and costs,'' etc., and by force of section 427 of the code, *supra*, the recognizance of bail so entered and signed.

by the appellant became in effect "a judgment confessed" against him. As to him, it was a personal judgment, specific in amount, and capable of being enforced as ordinary judgments are enforced, excepting only that the decree against the real estate must have been, as it was, exhausted before resort to the liability of the appellant.

Whether, by virtue of the original order of sale and copy of the recognizance, the sheriff, after selling and applying the proceeds of the real estate, might have proceeded directly against the property of the appellant, may be questionable, but we decide nothing on the point. The law concerning executions, their form, contents, issue, etc., is found in article 22 of the code. By section 405, any party, in whose favor a judgment has been rendered, may at any time within ten years after the entry of the judgment proceed to enforce the same. And applications for leave of the court are required only after the lapse of ten years, sec. 406. When a judgment requires the payment of money, or delivery of real or personal property, the same may be enforced in those respects by execution; where it requires the performance of any other act, a certified copy may be served, etc., sec. 407. There may be three kinds of execution, one against the property of the judgment-debtor, etc., sec. 408.

"Sec. 411. The execution must issue in the name of the State, and be directed to the sheriff of the county, sealed with the seal, and attested by the clerk of the court. It must intelligibly refer to the judgment; stating the court where, and the time when rendered, the names of the parties, the amount, if it be for money, and the amount actually due thereon, and shall require the sheriff substantially as follows: *First.* If it be against the property of the judgment debtor, it shall require the sheriff to satisfy the judgment out of the property of the debtor, subject to execution.

"Sec. 412. The execution shall be returnable within one hundred and eighty days from its date.

"Sec. 428. At the expiration of the stay, it shall be the

duty of the clerk to issue a joint execution against the property of all the judgment debtors and replevin bail; but the sheriff shall first levy upon the property of the judgment defendants, if sufficient can be found; if not, he shall then, without delay, levy the execution upon the property of the bail. But no property of the bail shall be sold while property of the original judgment debtor, subject to the execution, can be found in the county.''

The provision of the last section, which requires that the property of the principal debtor be exhausted before resorting to that of the bail, was complied with, in the sale of the mortgaged property. Strictly speaking, there was no principal judgment debtor in the case, there being no personal judgment against either of the defendants in the suit; and the defendant, by becoming replevin bail, became the sole judgment debtor against whom an execution could issue. The provisions of this section therefore applied to the case only so far as to require the sale of the mortgaged property before taking execution against the property of the appellant. The execution, as issued, conformed substantially to all the statutory requirements. It ran in the name of the State, was directed to the sheriff of the county, under a whereas, reciting each, it referred to and gave copies respectively, of the original decree, the entry of replevin bail, the original order of sale issued to the sheriff, and his return thereon; it stated the amount actually due, made the proper requirement of the sheriff, was made returnable within one hundred and eighty days from issue, and was sealed with the seal and attested by the clerk of the court.

We find no good reason, either in the authorities cited or in the letter and spirit of the statute, for holding that in such a case execution can be had only upon an order of the court; and we hold that the writ may be lawfully issued by the clerk, as was done in this case.

The judgment of the circuit court is therefore affirmed, with costs.