Thomas N. Bunnell, per se.

———

## WILLIAM J. ELTZROTH V. WILLIAM R. VORIS ET AL.

1. *Replevin Bail.*—An entry of replevin bail is not void because not attested by a justice of the peace.

2. *Delay in Execution as to Bail.*—Nor does a delay in issuing execution release a replevin bail.

3. *Delay in Entering Replevin Bail.*—But an entry of replevin bail after the judgment has ceased to be repleviable will not warrant a judgment on which an execution can be issued, whether in the circuit court or before a justice of the peace.

4. *Process and Service Must be Shown Where Judgment is Taken by Default.*—Where a judgment is taken by default, the record must show, affirmatively, that process has been duly served the required length of time before the default is taken.

Filed May 27, 1881.

Appeal from Grant Circuit Court.

Opinion of the court by Mr. Justice Niblack.

This was a complaint for an injunction.

It was alleged that William J. Eltzroth and thirteen other persons, constituting the firm of William J. Eltzroth, Henry C. Rinberger & Co., on the 26th day of January, 1875, recovered judgment against one Isaac Hamilton, before Joel W. Simmons, a justice of the peace, for the sum of $119.41; that on the 25th day of January, 1876, the plaintiff, William R. Voris, entered himself replevin-bail for the stay of execution on said judgment, for the period of one hundred and eighty days; that, on the 9th day of May, 1877, execution was issued on said judgment, against the goods and chattels of the said Hamilton and the plaintiff, and was delivered to one David Arthurhultz, as constable of the proper township, who was about to levy said execution on the property of the

plaintiff. The plaintiff asked an injunction against the justice, the judgment-plaintiffs and the constable for the reasons—

*First.* That the entry of replevin bail was not attested by the justice.

*Second.* That the entry of replevin bail had not been made until after the time for the stay of execution had expired.

*Third.* That because of the delay in the issuing of execution, Hamilton had been enabled to dispose of his property subject to execution.

Simmons, the justice, demurred to the complaint. His demurrer was sustained and he had final judgment upon demurrer.

The judgment plaintiffs and the constable made default and upon a hearing they were enjoined from levying the execution upon the property of the plaintiff. Error is assigned—

1st. Upon the supposed insufficiency of the complaint.

2d. Upon the alleged want of service of process upon the judgment plaintiffs.

The entry of replevin bail was not void, because it was not attested by the justice. *Miller* v. *McCallister,* 59 Ind. 491.

Nor was the plaintiff released as replevin bail by the mere delay in issuing execution. *Hogshead* v. *Williams,* 55 Ind. 145.

An entry of replevin bail, however, after the judgment has ceased to be repleviable, does not constitute a judgment upon which an execution can be issued. R. S. 1876, vol. 2, 202, § 421. *Taylor* v. *Sanford,* 8 Blackf. 169; *Osborn* v. *May,* 5 Ind. 217.

This doctrine applies as well to entries of replevin bail on the dockets of justices of the peace, as to similar entries upon the records of judgments in the circuit courts, the object of an entry of replevin bail being the same in both cases.

The complaint was, therefore, sufficient as a cause of action for an injunction.

It is, however, a well settled rule of practice that, where a judgment is taken by default against a defendant in an action, the record must affirmatively show that process had been duly served the required length of time before the default was taken. As we construe the return to the summons, set out in the record in this cause, Jonathan Holland, Amos Grim, two of the judgment-plaintiffs, and two of the defendants below, were returned as "not found" by the sheriff.

The judgment was consequently erroneous as to Holland and Grim, and as they had a joint interest with their co-plaintiffs in the judgment before the justice, in the subject matter of the action, we think the judgment ought to be reversed as to all the appellants. The judgment is reversed with costs, and the cause remanded for further proceedings.

G. T. B. Carr, for appellant.

George W. Harvey, for appellee.