Stone, Administrator, *et al. .v.* The State, *ex rel.* Burdsall.

---

No. 7501.

STONE, ADM'R, ET AL. *v.* THE STATE, EX REL. BURDSALL.

PRACTICE.—*Complaint.*—*Several Demurrer.*—*Approved Form.*—A demurrer, "The defendants herein demur to each of the paragraphs of the complaint, for the reason that neither of said paragraphs states facts sufficient to constitute a cause of action," accords substantially with the form approved for a several demurrer, and is sufficient.

Stone, Administrator, *et al. v.* The State, *ex rel.* Burdsall.

SAME.—*Construction of Code.*—The code of practice requires a liberal construction, with a view to substantial justice.

REPLEVIN BAIL.—*Attestation.—Entry of Contract not Invalid.—Justice of the Peace.*—An entry of a contract of replevin bail is not invalid, by reason of the failure of the justice to note the required attestation.

SUPREME COURT.—*Practice.—Judgment on one Paragraph of Complaint.— Other Paragraphs not Considered.*—Where it is manifest that a judgment rests upon the only paragraph of a complaint containing the cause of action, it will be considered by the Supreme Court, and objections to the other paragraphs presenting no important question passed by.

From the Monroe Circuit Court.

*E. K. Miller, J. H. Louden* and *R. W. Miers,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

WOODS, J.—Action upon the official bond of a justice of the peace; complaint in three paragraphs; error assigned upon the overruling of the demurrer to the complaint and of the motion for a new trial.

Counsel for the appellee contend that the demurrer is joint, and not separate to each paragraph of the complaint, and that, if any of the paragraphs is good, the exception is not available. They cite *Stanford v. Davis,* 54 Ind. 45; *Silvers v. The Junction R. R. Co.,* 43 Ind. 435; Buskirk's Practice, 193–5.

The language of the demurrer in this case is as follows: "The defendants herein demur to each of the paragraphs of the complaint, for the reason that neither of said paragraphs states facts sufficient to constitute a cause of action."

This accords, substantially, with the form for a several demurrer suggested in *Silvers v. The Junction R. R. Co., supra,* and is sufficient. It is addressed to each paragraph, and the addition of the words "separately and severally" would be a meaningless tautology. The statement of the cause of demurrer, "that neither of said paragraphs states facts sufficient," etc., is doubtless subject to the criticism of counsel, that it alleges the insufficiency of each paragraph

as a ground of objection to any one, while it ought to be so stated as to charge the insufficiency of the particular paragraph under consideration. The same criticism may be made upon the form suggested in the case referred to, but we are not inclined to hold that papers must be drawn with absolute nicety and accuracy of expression. It is enough if the meaning is reasonably clear. The code requires a liberal construction, with a view to substantial justice between the parties. Section 90.

The first paragraph of the complaint, for breach of the bond, charges the acceptance by the justice of irresponsible replevin bail. The second paragraph alleges the failure and refusal of the justice to issue execution upon a judgment taken before him by confession in favor of the plaintiff. The third paragraph avers the negligent failure of the justice to attest the contract of replevin bail which he accepted and entered upon his docket, for want of which attestation, it is alleged, the contract was invalid. It is further averred that the justice neglected to issue execution until after the expiration of the time of stay allowed by law in such a case, upon a proper entry of replevin bail, and that thereby the plaintiff lost his judgment. The answers to special interrogatories returned by the jury demonstrate that the verdict and judgment rest upon the third paragraph, and that there existed no cause of action except upon that paragraph; and, as the objections made to the first and second paragraphs present no important question, we pass them by.

The demurrer to the third paragraph should have been sustained. The entry of the contract of replevin bail was not invalid by reason of the failure of the justice to note the required attestation; though it is fair to the circuit court, and to the counsel engaged in the case, to say that, at the time the trial was had, the ruling of this court had been that such attestation was necessary. *Hougland* v. *The State*, 43 Ind. 537; *Fentriss* v. *The State*, 44 Ind. 271. These cases,

in this respect, have been overruled. *Miller* v. *McAllister*, 59 Ind. 491; *The Vincennes National Bank* v. *Cockrum*, 64 Ind. 229; *Hawes* v. *Pritchard*, 71 Ind. 166; *Eltzroth* v. *Voris*, 74 Ind. 459; *Ensley* v. *McCorkle*, 74 Ind. 240.

The questions presented on the motion for a new trial need not be considered. The judgment is reversed, with costs and with instructions to sustain the demurrer to the third paragraph of the complaint.