The State, *ex rel.* Buck *et al., v.* Trout *et al.*

No. 7397.

THE STATE, EX REL. BUCK ET AL., *v.* TROUT ET AL.

REPLEVIN BAIL.—*Failure of Justice to Attest Entry.*—*Damages.*—The failure of a justice of the peace to attest the entry of replevin bail does not relieve the bail from liability, and such failure of the justice is not such a breach of his official bond as would authorize the recovery of substantial damages.

SAME.—*Nominal Damages.*—*Supreme Court.*—The Supreme Court will not reverse a judgment where the sole question is as to the right to recover purely nominal damages.

From the Boone Circuit Court.

*J. W. Clements* and *T. J. Terhune*, for appellants.
*R. W. Harrison* and *B. S. Higgins*, for appellees.

ELLIOTT, J.—This action was instituted by the relators upon the official bond executed by Trout, one of the appellees, for the faithful discharge of the duties of the office of justice of the peace. The breach assigned is that the said Trout negligently omitted to attest the entry of replevin bail upon a judgment rendered by him as a justice of the peace in relators' favor, and thereby caused the relators to lose the amount of their judgment. The action is rested upon the theory constructed by the cases of *Hougland* v. *The State, ex rel.*, 43 Ind. 537, and *Fentriss* v. *The State, ex rel.*, 44 Ind. 271. These cases have been overruled, and the doctrine declared by them exploded. We are fully satisfied that they were rightly overruled, for we are sure that they were radically unsound.

Under the rule declared in the later cases, and which we fully approve, the failure of the justice to attest the entry of replevin bail does not relieve the bail from liability. He is as fully bound as though the justice had made the formal attestation. *Miller* v. *McAllister*, 59 Ind. 491; *Eltzroth* v. *Voris*, 74 Ind. 459. As the omission of the justice was of a mere formal act, which in no wise impaired the

undertaking of the replevin bail, it can not be said that he was guilty of such official misconduct as caused appellant any legal injury. If he was guilty of non-feasance at all, it did the appellant no actual injury, and the utmost that could be recovered would be merely nominal damages. Upon the theory that the complaint shows facts, a question we do not decide, which entitled the appellant to nominal damages, we can not reverse; for it is well and rightly settled, that there can be no reversal in cases where the sole question is as to the right to recover purely nominal damages.

Judgment affirmed.