No. 9648.

## McALLISTER *v.* STATE, EX REL. HEATH ET AL.

APPEAL.—*Parties.—Execution.*—In an appeal to the Supreme Court by A. from a judgment refusing to quash an execution against A. and B., on the motion of A., it is not necessary to make B. a party.

SAME.—*Time.*—An appeal from a judgment overruling a motion to quash an execution may be taken, and is in time if taken within a year from the time of overruling the motion; and in such case the record is conclusive as to the time, and can not be contradicted by answer to the assignment of errors.

McAllister *v.* State, *ex rel.* Heath *et al.*

REPLEVIN BAIL.—*Defects Cured.*—*Bastardy.*—Following a judgment in the usual form against the defendant in bastardy, there was a recognizance of replevin bail, not attested or approved by the clerk, but in the form. prescribed by statute, save that the word "security" was used instead of "bail."

*Held,* that it was made good by section 1221, R. S. 1881, and applied to the judgment in gross.

From the Ohio Circuit Court.

*J. B. Coles,* for appellant.

*J. S. Jelley* and *S. R. Downey,* for appellees.

ELLIOTT, C. J.—The appellant filed a motion to quash an execution issued against him and one Edward McAllister.

Appellee has moved to dismiss the appeal, and the questions presented by this motion first require consideration. The ground upon which it is rested is, that Edward McAllister is not made an appellee, and was not notified of the appeal. It was not necessary that he should have been made a party to the appeal. The motion was by the appellant alone; the judgment pronounced upon it was against him solely, and Edward McAllister was in no wise affected by the motion or judgment.

Answers to the assignment of errors have been filed, presenting, or rather attempting to present, the question of the time within which the appeal was taken. The theory of the answers is, that the judgment in the original case is the one appealed from. The theory rests upon an undue assumption. The appeal is not from the original judgment, but from the judgment overruling the motion to quash the execution. The record shows that the appeal was taken within one year from the time the judgment upon the motion was pronounced, and this is sufficient.

The record is conclusive as to the time the judgment was rendered, as well as to its character, and the appellee can not, by an answer to the assignment of errors, contradict the statements of the record. If the record is not correctly cer-

tified, the remedy is by *certiorari.* If the record was incorrectly made up, the remedy is by a proceeding in the trial court to secure the proper correction.

An appeal will lie from a judgment upon a motion to quash an execution. A judgment upon the final hearing of such a motion is a final judgment, within the meaning of the statute. It is so expressly adjudged in *Wright* v. *Rogers,* 26 Ind. 218.

Edward McAllister was prosecuted upon a charge of bastardy, and a judgment rendered against him. The appellant signed the following acknowledgment: "I, Daniel McAllister, acknowledge myself security for the payment of the above sums of money and costs, and accruing costs as stated above." This acknowledgment appears to have been made and entered immediately after the judgment upon the order book of the court.

The contention of counsel is, that this is a mere contract of suretyship, and not an entry of replevin bail, and no execution can issue upon it. We are not inclined to adopt this view. The decree of the court directed that Edward McAllister should be taken into custody unless he replevied the judgment; the acknowledgment, signed by the appellant, immediately follows this order, and it secured the principal's release. The language of the record entry conforms very nearly to that prescribed by the statute. Indeed, the chief difference is, that the entry uses the word "security" instead of the word "bail." We are satisfied that the case comes fully within the provisions of section 790 of the code of 1852, 2 R. S. 1876, p. 311.

Cases decided prior to the enactment of the statute referred to can not be allotted a controlling influence, for to do so would be to seriously impair, if not to altogether destroy its beneficial operation. The case of *Sterne* v. *McKinney,* 79 Ind. 578, does not support appellant's argument. In that case the attempt was to replevy one-half only of an entire judgment, and it was held that the statute does not authorize the re-

plevying of a part of an entire judgment. There the defect was as to the substance, and of such a material character as to carry the entire undertaking without the statute; here the defect is one of mere form. The legal effect of the undertaking is not affected in any important respect by the use of the word "security." The term is inaccurately used, but there can be no doubt as to the real meaning of the undertaking. In *Hawes* v. *Pritchard,* 71 Ind. 166, bail was entered for a period of one hundred and eighty days, when it should have been entered for one hundred and fifty days, and it was held to have the effect of a judgment confessed, the court saying: " The effect of these provisions of section 790 of the code, upon informal or defective bonds, recognizances or written undertakings, taken by an officer in the discharge of the duties of his office, has of late been the subject of full consideration by this court, in a number of cases; and it has been uniformly held, as we now hold, that the effect of these statutory provisions is to legalize and validate the bond, recognizance or written undertaking in question, and make of it just such an instrument as was contemplated and called for by the terms of the statute, under which it appears to have been executed."

The statute does not require a formal approval of the recognizance of replevin bail. *Ensley* v. *McCorkle,* 74 Ind. 240. But if it were conceded that the statute does require such an approval, its omission would not invalidate the undertaking. It is now well settled that the omission of the formal endorsement of approval or of attestation of the entry of bail will not have the effect to destroy its character as a "judgment confessed." *The State, ex rel.,* v. *Trout,* 75 Ind. 563; *Stone* v. *The State, ex rel.,* 75 Ind. 235.

It is said that the appellant was bound only to the extent of the instalment due at the time the judgment was replevied, and we are referred to *Skelton* v. *Ward,* 51 Ind. 46. That case is not in point. The judgment in the present case is for the gross sum of five hundred dollars, and it was the

judgment which the statute required the defendant to re-plevy, and this judgment it was that he did replevy.  2 R. S. 1876, p. 659.  It is true the judgment is payable in instal-ments, but it was not one instalment for which bail was en-tered, but the entire judgment.

Judgment affirmed.