Miller *v.* O'Reilly.

No. 9619.

## MILLER *v.* O'REILLY.

JUSTICE OF THE PEACE.—*Appeal Bond.*—*Approval.*—The acceptance of an appeal bond by a justice of the peace puts an end to the power of the justice over the cause, and, if the bond be insufficient, remedy must be sought in the court to which the appeal is taken.

SAME.—*Endorsement on Bond.*—The endorsement of acceptance of an appeal bond by a justice of the peace is not necessary. The *fact* of acceptance is the only material thing, and of this the endorsement is merely evidence, though the fact may also be shown by parol.

SAME.—*Revocation of Approval.*—A justice of the peace can not recall his acceptance of an appeal bond.

SAME.—*Statement of Amount of Costs.*—An appeal bond filed with a justice of the peace, otherwise valid, is not impaired by an erroneous statement of the amount of costs, and may be enforced against both principal and surety to the full extent of the penalty.

CITY ORDINANCE.—*Prosecution for Violation.*—*Civil Action.*—A prosecution for a violation of an ordinance of a municipal corporation is a civil action, and an appeal bond given in such a prosecution is governed by the law applicable to bonds given in ordinary civil actions.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*R. M. Johnson, E. G. Herr* and *H. C. Dodge,* for appellee.

ELLIOTT, J.—The appellee was taken into custody, upon a mittimus issued by a justice of the peace, by the appellant, who was, at the time, the marshal of the city of Elkhart. After his commitment the appellee sued out a writ of *habeas corpus,* and upon the hearing was discharged from custody.

The appellee was arrested upon a charge of violating one of the ordinances of the city, and was convicted of the charge preferred against him. After his conviction he tendered to the justice an appeal bond, which was accepted, but was not formally endorsed approved. The justice in entering the judgment stated the amount of costs at twenty-two $\frac{65}{100}$ dollars, whereas they in fact amounted to the sum of thirty-three and $\frac{95}{100}$ dollars, and should have been entered for that amount. The attorney of the appellee, finding the amount of costs taxed

at twenty-two $\frac{65}{100}$ dollars, prepared the bond to correspond with the record, and recited the amount of costs in accordance with the statement in the record. A few days afterwards the justice discovered the mistake made in entering the judgment,. notified the attorneys, corrected the record, and demanded a new bond. The appellee failing to execute a second bond the mittimus upon which he was arrested was issued and he was taken into custody upon it.

We do not deem it necessary to consider whether the justice had any authority to correct the judgment without notice, and we pass that question.

The bond filed with the justice was a valid one, and its force was not impaired by the error in the statement of the amount of the costs. Under the broad and comprehensive provisions of the statute, the bond was unquestionably enforceable against both principal and surety to the full extent of the law not exceeding the penalty. 2 R. S. 1876, 311; *Graham* v. *State, ex rel.*, 66 Ind. 386; *Philippi Christian Church* v. *Harbaugh,* 64 Ind. 240; *Yeakle* v. *Winters,* 60 Ind. 554: *Bugle* v. *Myers,* 59 Ind. 73; *Koeniger* v. *Creed,* 58 Ind. 554.

A prosecution for a violation of an ordinance of a municipal corporation is a civil action, and bonds given in such cases are to be governed by the law applicable to bonds given on appeal from judgments rendered in ordinary actions at law. It is well settled that the statute cited applies to such bonds, and cures all defects of the character alleged to exist in the one under consideration. *Corey* v. *Lugar,* 62 Ind. 60; *Railsback* v. *Greve,* 58 Ind. 72; *Fuller* v. *Wright,* 59 Ind. 333; *Gavisk* v. *McKeever,* 37 Ind. 484; *Ward* v. *Buell,* 18 Ind. 104. The rule applies to bonds given in criminal cases. *Ott* v. *State,* 35 Ind. 365; *Vierling* v. *State,* 33 Ind. 218.

The fact that the justice did not endorse a formal approval on the bond exerts no controlling influence. The material fact is the acceptance, not the formal entry evidencing that fact. The case is closely analogous to the filing of papers in a cause, and in such cases it is uniformly held that the filing is the essential

thing, not the endorsement of the officer. *Naylor* v. *Moody*, 2 Blackf. 247; *Engleman* v. *State*, 2 Ind. 91; *Bishop* v. *Cook*, 13 Barb. 326; *Johnson* v. *Crawfordsville, etc., R. R. Co.*, 11 Ind. 280. In the latter case it was held that parol evidence was competent to prove the filing. But we need not search for analogous cases, for there are many decisions establishing a principle which governs this case. There can, in principle, be no difference between entering a formal approval of a bond, and making a formal attestation to an entry of replevin bail, and it is settled that the omission of such an attestation does not invalidate the undertaking. *State, ex rel.*, v. *Trout*, 75 Ind. 563; *Stone* v. *State, ex rel.*, 75 Ind. 235; *Ensley* v. *McCorkle*, 74 Ind. 240; *Eltzroth* v. *Voris*, 74 Ind. 459; *Hawes* v. *Pritchard*, 71 Ind. 166; *Miller* v. *McAllister*, 59 Ind. 491.

The bond filed by the appellee secured his appeal. After this right was fixed, the justice had no jurisdiction to issue a mittimus. The appeal took the case from his control. Where a bond is filed entitling a party to an appeal, and is accepted by the justice, he can not issue any process which will put the party in jeopardy of imprisonment. This would be so independently of any statutory provisions upon the subject. The act governing cities provides that either party may have an appeal, " under the same restrictions and in the same manner as in a justice's court." 1 R. S. 1876, p. 272; *Swift* v. *Tousey*, 5 Ind. 197. The justice's act requires the party desiring an appeal to do two things, designate the court to which he prays an appeal, and file a bond. 2 R. S. 1876, p. 622, 624. Judge McDonald said, in commenting upon this statute : "As to the manner in which an appeal must be taken, it is to be observed that two things are required, the prayer of the appeal, and a proper appeal bond." At another place he said : " The appellant, having prayed his appeal, and filed his bond to the acceptance of the justice, has no more to do on his part until the cause is in the appellate court." McDonald's Treatise, 224, 225.

It is not in the power of a justice who has accepted an ap-

peal bond to deprive the party of his right of appeal. If the bond is insufficient, the remedy is to be furnished by the court to which the appeal is taken, upon motion to dismiss the appeal. 2 R. S. 1876, p. 624, section 66. In *Murphy* v. *Steele,* 51 Ind. 81, it was held that there can be no dismissal of the appeal for any insufficiency in the bond if the party appealing will file a proper one. It is very clear that the justice has no authority to recall an acceptance of an appeal bond because of any such defect as that asserted to exist in the one under examination.

Judgment affirmed.

WOODS, J., concurs in the conclusion, but dissents from the proposition that the surety in such a bond is liable for any greater amount of costs than is recited therein.

Opinion filed at the November term, 1881.

Petition for a rehearing overruled at the May term, 1882.