Filed Feb. 9, 1886.

---

No. 12,788.

## THE STATE v. SOUDRIETTE ET AL.

RECOGNIZANCE.—*Defects do not Invalidate.—Forfeiture.—Mayor of City.—Criminal Law.*—Although a recognizance taken by the mayor of a city, for the appearance before him of one charged with felony, is by mistake made payable to the city, instead of to the State, and to answer a charge of having violated " an ordinance of said city," instead of a statute of the State, it is valid and binding, and upon forfeiture may be enforced by the State. Sections 1221 and 1715, R. S. 1881.

From the Knox Circuit Court.

*W. A. Cullop*, Prosecuting Attorney, *G. W. Shaw* and *C. B. Kessinger*, for the State.

HOWK, J.—This was a suit by the State of Indiana upon a forfeited recognizance, executed, as alleged, by the appellees, Charles H. and Ebare Soudriette. The appellees severally demurred to the State's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court. The State excepted to this ruling, and, declining to amend its complaint or plead further, the court adjudged that it take nothing by its suit.

The State has appealed, and has here assigned as error the sustaining of appellees' demurrer to its complaint.

It was alleged by the State in its complaint herein, that on the 22d day of August, 1885, the appellee Charles H. Soudriette having theretofore been charged at Knox county, Indiana with having obtained goods under false pretences upon affidavit filed before John Wilhelm, mayor of the city of Vincennes, in such county, and having been duly arrested by the marshal of such city, on a warrant issued by the mayor on such charge, he, with the other appellee, executed to the State of Indiana the recognizance for his appearance before such mayor, in the words and figures following, to wit:

"*State of Indiana, Knox County, City of Vincennes, sct.*

" We, the undersigned, hereby acknowledge ourselves, jointly and severally, bound and indebted to the city of Vincennes in the sum of one hundred dollars, if Charles H. Soudriette shall fail to appear before the mayor of said city at his office therein, on the 22d day of August, 1885, at 8 o'clock A. M., to answer the charge of having violated an ordinance of said city, and abide the order of said court. Witness our hands this 21st day of August, 1885.

(Signed)    " C. H. SOUDRIETTE.<br>" EBARE SOUDRIETTE.

"Approved : JOHN WILHELM, Mayor."

And the State alleged that such recognizance was then and there taken and duly approved by said mayor; that thereupon, on the 22d day of August, 1885, the said Charles H. Soudriette did not appear in discharge of such recognizance, but made default therein and failed to appear or respond to the call of the court, and that after having been called, and failing to appear or respond to such call, the recognizance was duly declared forfeited to the State of Indiana, and that such forfeiture, taken as aforesaid, was recorded on the back of said bond in the words and figures following, to wit:

"*State of Indiana, City of Vincennes, ss. :*

" I, John Wilhelm, do hereby certify that the within named

Charles Soudriette did not appear in discharge of his recognizance, and abide the judgment of the court, as was required by the terms of the within bond; thereupon said Soudriette was thrice called, but came not, and wholly defaulted. Thereupon his recognizance was declared forfeited. August 22d, 1885.             (Signed)      JOHN WILHELM, Mayor."

And the State further said that there was a clerical error in the making of said bond, in this, that from such bond as drawn, it appeared that the appellees were bound unto the city of Vincennes to answer the charge of having violated a city ordinance; that such bond should have read, "bound unto the State of Indiana, to answer the charge of having obtained goods under false pretences," as that was really the charge the appellee Charles H. Soudriette was arrested upon and the charge for which such bond was given for his appearance before said mayor, at said time. " Whereby a right of action has accrued unto the State of Indiana on said bond, and it prays judgment in the sum of one hundred dollars."

From the foregoing summary of the facts stated in the State's complaint in the cause now before us, it is manifest that the question for our decision, as the case is now here presented, may be thus stated : May the State, upon the facts stated and admitted to be true, recover upon the forfeited recognizance, set out in the complaint, notwithstanding the singular and extensive " clerical errors " therein ? Under the jeofail provisions of our civil code, we are of opinion that this question must be answered in the affirmative. Appellees' counsel has not seen proper to favor us with any brief or argument in support of the ruling of the circuit court, and we have not been advised, in any mode, of the grounds upon which that learned court based its ruling. Of course, the case under consideration is a civil action, although it is prosecuted by and in the name of the State of Indiana, as the plaintiff therein.

In section 1221, R. S. 1881, which is substantially, and almost literally, a re-enactment of section 790 of the civil

code of 1852 (2 R. S. 1876, p. 311), it is provided as follows: " No official bond entered into by any officer, nor any bond, recognizance, or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance, or written undertaking to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance, or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance, or written undertaking were perfect in all respects."

In section 141 of the criminal code of 1881, which was approved twelve days after the approval of the civil code of 1881, and must be regarded under our decisions as the later expression of the legislative will, although both of such codes took effect and became laws on the same 19th day of September, 1881, which section 141 is section 1715, R. S. 1881, it is provided as follows: " No recognizance, undertaking, or bond taken in any criminal proceeding shall be void for want of form or of substance, or for omission of any recital or condition, or because the same was entered into on Sunday; nor shall the principal or surety be discharged, but the principal and surety shall be bound by such recognizance, undertaking, or bond to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in such recognizance, undertaking, or bond. And no action upon such recognizance, undertaking, or bond shall be defeated for any want of form or substance, or for the omission of any recital or condition, or because the same was entered into on Sunday, or for the neglect of the clerk to endorse or record it, but the recognizors shall be bound thereby, to the full extent specified therein. A recognizance may be recorded after execution has been awarded."

This section of the criminal code was manifestly constructed from or out of section 1221, above quoted, or section 790 of the civil code of 1852, and some of its provisions seem to be out of place, to some extent at least, in a code regulating "proceedings in criminal cases." It may be said, however, that the provisions of sections 1221 and 1715, above quoted, are so nearly identical with the provisions of section 790 of the civil code of 1852, that the decisions of this court, construing and applying the provisions of the latter section to cases somewhat similar to the one at bar, may well be regarded as authorities in determining the question of the sufficiency of the facts averred in the State's complaint herein, to constitute a cause of action. In *Hawes* v. *Pritchard*, 71 Ind. 166, after quoting some of the provisions of section 790 of the code of 1852, the court said: "The effect of these provisions of section 790 of the code, upon informal or defective bonds, recognizances or written undertakings, taken by an officer in the discharge of the duties of his office, has of late been the subject of full consideration by this court, in a number of cases; and it has been uniformly held, as we now hold, that the effect of these statutory provisions is to legalize and validate the bond, recognizance or written undertaking in question, and make of it just such an instrument as was contemplated and called for by the terms of the statute, under which it appeared to have been executed." *Railsback* v. *Greve*, 58 Ind. 72; *Miller* v. *McAllister*, 59 Ind. 491; *Turner* v. *State, ex rel.*, 66 Ind. 210; *Graham* v. *State, ex rel.*, 66 Ind. 386; *State, ex rel.*, v. *Wyant*, 67 Ind. 25. To the same effect substantially, there are many more recent decisions of this court. *Miller* v. *O'Reilly*, 84 Ind. 168; *State, ex rel.*, v. *Britton*, 102 Ind. 214, and the cases there cited.

Applying the statutory provisions above quoted, construed as they have been by the decisions of this court above cited, to the complaint in the case in hand, we are of opinion that the facts stated in such complaint, and admitted to be true, as the case is now presented, are sufficient to constitute a

cause of action in the State's favor upon the recognizance in suit, and to withstand the appellees' demurrer.

The judgment is reversed with costs, and the cause is re-manded with instructions to overrule the demurrer to the complaint, and for further proceedings.

